**EXHIBIT A**

Date: No return date scheduled
Hearing Date: 4/30/2019 10:30 AM - 10:30 AM
Courtroom Number: 2102
Location: District 1 Court
     Cook County, IL

FILED
12/31/2018 1:50 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018CH16150

2129   Served
2229   Not Served
2329   Served by Mail
Summons in Administrative Review                    (08/08/18) CCL 0040 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

John A. Scatchell,

                                             2018CH16150

            v.                   Case No. _____

Board of Fire and Police Commissioners for the Village of Melrose
Park, Il., Director Samuel Pitassi, Deputy Chief Michael Castellan,
Village of Melrose Park, Il., Commissioner M. Caputo,
Commissioner P. Esposito, and Commissioner M. Rauzi,

## SUMMONS IN ADMINISTRATIVE REVIEW

To each Defendant:

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your
appearance **within thirty-five (35) days** after the date of this summons. To file your answer or
appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate
this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to
the last page of this document for location information.

**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first
create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm
to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://
www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.**

Atty. No.: _____49766_____           Witness, DOROTHY BROWN DEC 3 1 2018

Atty Name: _Law Office of Christopher Cooper, Inc._                         CLERK DOROTHY BROWN

Atty. for: __Plaintiff_____

Address: __79 W Monroe Street, Suite 1213___

City: __Chicago_____

State: ___IL___   Zip: __60603_____

Telephone: __312-473-2968_____

Primary Email: __cooperlaw3234@gmail.com__

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 3

~~Summons in Administrative~~ Review                                                  (08/08/17) CCL 0040 B

## CERTIFICATE OF MAILING

On _____ , I sent by registered mail a copy of this summons to each defendant addressed as follows:

| Defendant | Address |
|---|---|
| Board of Fire and Police Commissioners of Village of Melrose Park IL | 1000 N. 25th Avenue, Melrose Park, IL 60160 |
| Director Samuel Pitassi | 1 N 19th Avenue Melrose Park, IL 60160 |
| Deputy Chief Michael Castellan | 1 N 19th Avenue Melrose Park, IL 60160 |
| Village of Melrose Park, IL. | 1 N 19th Avenue Melrose Park, IL 60160 |
| Commissioner M. Caputo | 1000 N. 25th Avenue, Melrose Park, IL 60160 |
| Commissioner P. Esposito | 1000 N. 25th Avenue, Melrose Park, IL 60160 |
| Commissioner M. Rauzi | 1000 N. 25th Avenue, Melrose Park, IL 60160 |
|  |  |

Dated:  **DOROTHY BROWN** DEC 21 2018

Clerk of Court

**IN THE CIRCUIT COURT OF COOK COUNTY**
**CHANCERY DIVISION**

JOHN A. SCATCHELL,                                    )
      Plaintiff,                                      )
                                ) No. 2018 CH _____
                                )
BOARD OF FIRE AND POLICE                     )
COMMISSIONERS FOR THE                        )
VILLAGE OF MELROSE PARK, IL.,               )
DIRECTOR SAMUEL PITASSI, DEPUTY        )
CHIEF MICHAEL CASTELLAN,                    )
VILLAGE OF MELROSE PARK, IL.,               )
COMMISSIONER M. CAPUTO,                      )
COMMISSIONER P. ESPOSITO, AND,           )
COMMISSIONER M. RAUZI,                          )
      Defendants.                                     )

## VERIFIED[1] COMPLAINT FOR JUDICIAL REVIEW AND DECLARATORY RELIEF PURSUANT TO ARL, AND/OR, IN THE ALTERNATIVE, THE INSTANT IS A PETITION FOR A WRIT OF CERTIORAI FOR THE PURPOSE OF REVIEW, INTER ALIA

NOW COMES Plaintiff John A. Scatchell ("Scatchell" or "Plaintiff"), by and through his attorney, Christopher Cooper of the Fraternal Order of Police Legal Defense Plan (FOP), and for **Scatchell's** Complaint for Judicial Review predicated on Administrative Review Law (ARL) and for Declaratory Relief; and. or that Review and Other Relief is sought by way of a **common law writ of certiorari**. Through counsel, Plaintiff states as follows:

### JURISDICTION & VENUE

Jurisdiction of this court arises under one or both of the following: via a petition for a common law writ of certiorari *Hanrahan v. Williams*, 174 Ill. 2d 268, 272 (1996); or by way of Chapter 735 ILCS 5/3-101 through 735 ILCS

---

[1] See signature of Plaintiff.

1

5/3-112. Additionally, based on the averments within, jurisdiction is also had pursuant to 735 ILCS 5/2-701; as well as predicated on Illinois case law, namely *Siddens v. Indust Comm'n*, 711 N.E.2d 18, 22 (1999) and its progeny, to include *Daniels v. Indus. Comm'n*, 711 N.E.2d 936, 940 (2002) and, *Taylor v. Dart*, 64 N.E.3d 123, 126-27 (2016), each holding: **"[w]here an administrative body acts outside of its specific statutory authority, it acts without jurisdiction, and its actions are void and a nullity from their inception."** (*Daniels* at 940); **and, "[w]here an agency's action is void, it may be attacked at any time, in any court, either directly or collaterally."** (Id. at 940).

Venue is had through the events or omissions giving rise to the claims having occurred in Cook County.

## Parties

1.    Plaintiff John Scatchell is an adult residing in the County of Cook, Illinois. He was employed by the Village of Melrose Park as a police officer until December 6, 2018. He was harmed by Defendants in Cook County, Illinois during all relevant times to this action.

2.    Defendant Village of Melrose Park, Illinois is an incorporated municipality located in Cook County, Illinois with a principle place of business of 1000 N. 25th Avenue, Melrose Park, IL 60160. The Village maintains a police agency known as the Melrose Park Police Department. Melrose Park is named in its capacity as Scatchell's employer. Defendant harmed Plaintiff primarily in Cook County but in other Illinois counties as well.

3. Defendant Board of Fire and Police Commissioners for the Village of Melrose Park (hereinafter "BOFPC" or "Board") is a purported three-member administrative agency in Cook County, Illinois, subject to the Board of Fire and Police Commissioners Act 65 ILCS 5/101-1 et seq. (hereinafter the "Act") and to Illinois Administrative Review Law (ARL), namely Chapter 735 ILCS 5/3-101 through 735 ILCS 5/3-112. The purported Board shares the address of the municipality, supra. Plaintiff contends the Board does not exist as it was abolished in 2012. The illegal Board joined with its defects in  appointments to the Board, have rendered its actions from 2012 to 2018 void.  The purported and illegal Board harmed Plaintiff in Melrose Park, Illinois.

4. Defendant Pitassi is the most senior member of the Melrose Park Police Department (1 N 19th Avenue Melrose Park, IL 60160).
Defendant harmed Plaintiff primarily in Cook County but in other Illinois counties as well.

5. Defendant Castellan is the deputy chief of the Melrose Park Police Department (1 N 19th Avenue Melrose Park, IL 60160).
Defendant harmed Plaintiff primarily in Cook County but in other Illinois counties as well.

6. COMMISSIONERS Michael Caputo; Pasquale Esposito, and Mark Rauzi, ARE NAMED AS TO THEIR ROLE AS "COMMISSIONERS." THE GERMANE STATUTE COULD BE INTERPRESTED BY SOME COURTS AS REQUIRING THEM TO BE NAMED. They sit on the purported Board and did preside over the Scatchell matter at all times for the which the

3

above captioned matter is concerned. They are the signatories of the Board's final Decision\Order. Plaintiff was harmed by the Board in Cook County.

### Synopsis

Plaintiff Scatchell was a Melrose Park Police officer until December 6, 2018. (See attached Ex. 1, the termination Order-Opinion). On that date, he was terminated from his employment by Defendant Board (an illegal entity) following an administrative trial. Plaintiff had been charged administratively by his police chief and assistant police chief (described as the Petitioner [in the singular]) with violating certain departmental rules and Illinois laws. (Id.).

Scatchell seeks Administrative Review and Declaratory Judgment. As to the latter, Plaintiff's position is that the Board of Fire and Police Commissioners (BOFPC or Board) lacked authority to have initiated and maintained a disciplinary proceeding against him because the Board (BOFPC) was abolished on July 9, 2012. (Ex. 3).

### Facts

1.  Based upon reasonable information and belief, Plaintiff was the first person\litigant to allege in court filings that the BOFPC is illegal (see Plaintiff's other action, namely 2018 CH 07685 in the Circuit Cook of Cook County. Discussion to follow [infra.]),

2.  The Village of Melrose Park's Ordinance § 1613 (Ex. 3) amended the Village's Chapter 2.76.

4

3.    On July 9, 2012, the Board of Fire and Police Commissioners was abolished pursuant to Ordinance § 1613.

4.    On the same date, pursuant to Ordinance 1613, there was created a "Personnel Board" (see Ordinance § 2.76.060 which used the verbiage "Personnel Board").

5.    Ordinance 1613 and Chapter 2.76.060 represent the abolition of the BOFPC and the creation of the Personnel Board of the Village of Melrose Park. Ordinance 1613 and Chapter 2.76.060 each read in part that the *"Personnel Board ...shall assume all of the powers and duties of the board of fire and police commissioners."*

6.    § 2.76.060 includes the following provisions:

• **2.76.060 - Created—Composition.**

There is hereby created the "Personnel Board" of the Village of Melrose Park, which shall consist of no greater than five members appointed by the Mayor with the advice and consent of the board of trustees.

(Ord. No. 1613, § 10.06, 7-9-2012)

• **2.76.070 - Members of the personnel board.**

The term of each member of the personnel board shall be for three years. All members shall serve until their successors are appointed and qualified. **Appointments shall be staggered** so that no more than two appointments expire on April 30 of any year. Any member may be removed from office by the mayor whenever the mayor is of the opinion that the interests of the village would be served by such removal. No elected officer of the village may serve on the personnel board.

(Ord. No. 1613, § 10.07, 7-9-2012)

• **2.76.080 - Officers of the personnel board.**

5

The mayor shall designate the chairman of the personnel board. The personnel board may appoint one of its members to act as secretary or may employ a person to act as secretary.

(Ord. No. 1613, § 10.08, 7-9-2012)

- **2.76.090 - Meetings.**

The personnel board shall meet as necessary and in accordance with a schedule to be determined by the personnel board. Said meetings shall be open to the public and shall comply with the open meetings law of the state. The business of said meetings shall be governed by Robert's Rules of Order unless the personnel board shall adopt its own rules of order.

(Ord. No. 1613, § 10.09, 7-9-2012)

- **2.76.100 - Finances.**

The personnel board shall receive an annual budget. The board may expend such money as is approved by the mayor and board of trustees pursuant to procedures established thereby. Members of the board shall receive such compensation and expenses as approved by the mayor and board of trustees in the annual budget.

(Ord. No. 1613, § 10.10, 7-9-2012)

7.    Contrary to the legislation, the Village of Melrose Park does not have a Personnel Board. (Ex. 4). Notice in the latter that there is listed a Personnel Committee which is distinguishable from the BOFPC which is also listed. The primary way to notice that the two are distinguishable is to note that each has its own members and combined, totaling six people).

8.    As corroboration of such aforementioned averment, Defendant Village of Melrose Park (Village) was served with a FOIA request in April 2018, seeking records of\for the "Personnel Board." The Village responded in a letter dated April 17, 2018, which reads in part:

6

*"The Village is not in possession of any records which are responsive to your request as the Village does not have a personnel board."* (Ex. 5, which includes the FOIA response).

9.    The abolished BOFPC is overseeing the matter for which Plaintiff\Officer Scatchell has been administratively charged (the matter can be captioned in either of the following ways: *Chief\Director Pitassi v. John Scatchell, Jr.* or *In the Matter of Officer John Scatchell, Jr.* (See Ex. 2)).

10.    Since the BOFPC is non-existent as of July 9, 2012, supra., any action it has taken since July 9, 2012, is void.

11.    The Personnel Board and the BOFPC are two separate, distinct bodies.

12.    The annual budgets for Melrose Park (since 2012 to present) are attached. None list a Personnel Board. (See Ex. 4).

13.    The budgets do include a BOFPC.

14.    Even if the Court were to find that Board has not been abolished, the Board is illegal for two reasons: a. all three commissioners share the same term. This represents that in violation of 2.76.070, none have staggered terms; and, b) all three members share the same political association.

15.    The reason the political association rule is offended where the Board is assumed to have <u>not</u> been abolished is that 65 ILCS 5/10-1-1 would apply but for abolition. 65 ILCS 5/10-1-1 disallows all three commissioners from sharing the same political party.

16.     Based on reasonable information and belief, all three [BOFPC] commissioners (Mr. Rauzi, Mr. Esposito, and Mr. Caputo) are members of the same political party.

17.     In April 2018, the Board and its members knew the Board was illegal, yet the Board represented itself as legal.

18.     Throughout the pendency of the "Scatchell Matter," the Board and its members have known the Board is, and has always been illegal, starting in 2012 to present (including on December 6, 2018).

19.     In April 2018, Scatchell was charged by Petitioner (by way of a Complaint\Statement of Charges) with violating rules and regulations of the Melrose Park Police Department, as well as charged with violating one or more Illinois laws.  The filing of a Complaint before the Board in April was the start of the administrative process in which the Petitioner prosecuted Plaintiff.

20.     Thereafter, Plaintiff filed an action in the Circuit Court of Cook County alleging the Board is illegal (**2018 CH 07685**), joined with a request for injunctive relief  because the Board at all times has been illegal. The matter is pending.

21.     The administrative process (before the Board) lasted approximately 8 months and a couple of days. There was extensive motion practice and multiple status hearings.

22.     On the last day of trial, Petitioner withdrew\dismissed Count VII (Disobeying Lawful Order Regarding Time Off to Travel During Medical Leave) and Count XII (Conduct Unbecoming and in Violation of the Law).

23.    Following a trial, the bulk of which occurred in November 2018, on December 6, 2018, Plaintiff Scatchell was found guilty of certain counts and acquitted on others. Nonetheless, the Board terminated Plaintiff's employment as a Melrose Park Policeman, effective December 6, 2018. (See Ex. 1, the Board's final decision and Order).

### COUNT I - Board Decision
### Was Against the Manifest Weight the Evidence

1.    Plaintiff repeats, re-alleges and incorporates by reference, the allegations in aforementioned paragraphs (including the "Facts" section with the same force and effect as if herein set forth).

2.    The Board Decision\Order (Ex. 1) terminating Scatchell's employment:

        a.    is\was against the manifest weight of the evidence;

        b.    clearly erroneous;

        c.    was and is unconstitutional in that it violated Scatchell's Fifth Amendment right not to incriminate himself and to remain silent;

        d.    represents a violation of what was Plaintiff's due process entitlement throughout the pendency of the administrative process;

        e.    violated the Illinois' Uniform Peace Officers' Disciplinary Act; and,

9

f.  the discipline imposed is arbitrary and capricious; unrelated to the requirements of the service; is based on trivial and unsubstantiated allegations; and, does not constitute sufficient cause for termination.

3.  Plaintiff suffered harm which included loss of income.

4.  Defendants proximately caused Plaintiff's harm.

WHEREFORE, Plaintiff respectfully requests that this Court review the Decision of the Board and enter an order setting aside and reversing the Decision in its entirety. Plaintiff further requests to be made whole for all losses, including but not limited to reinstatement, back pay and back benefits with interest, loss of seniority, pension losses, and for any other relief that this Court deems just and equitable. And, that such back pay order is "continuing" from the start date of December 6, 2018.

## COUNT II
### There was no Showing that there was "Cause" to Terminate Plaintiff's Employment or that Plaintiff Demonstrated a Substantial Shortcoming Which Would Render Him Unfit to Practice as a Melrose Park Policeman

1.  Plaintiff repeats, re-alleges and incorporates by reference, the allegations in aforementioned paragraphs (including the "Facts" section with the same force and effect as if herein set forth).

2.  Defendant Board lacked cause to terminate Plaintiff Scatchell's employment.

10

"Cause" in Illinois has been defined as "some substantial shortcoming which renders [the employee's] continuance in his office or employment in some way detrimental to the discipline and efficiency of the service and something which the law and a sound public opinion recognize as a good cause for his no longer occupying the place."

3.    The aforementioned standard was not satisfied in the Board proceeding or in its final order; therefore, Plaintiff's termination should be rescinded.

WHEREFORE, Plaintiff respectfully requests that this Court review the Decision of the Board and enter an order setting aside and reversing the Decision in its entirety. Plaintiff further requests to be made whole for all losses, including but not limited to reinstatement, back pay, and back benefits with interest, loss of seniority, pension losses, and for any other relief that this Court deems just and equitable. And, that such back pay order is "continuing" from the start date of December 6, 2018.

## COUNT III - Declaratory Judgment

1.    Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth.

2.    *Siddens v. Indust Comm'n*, 711 N.E.2d 18, 22 (1999) and its progeny, to include *Daniels v. Indus. Comm*, 711 N.E.2d 936, 940 (2002) and, *Taylor v. Dart*, 64 N.E.3d 123, 126-27 (2016), each hold: **"[w]here an administrative body acts outside of its specific statutory authority, it acts without jurisdiction, and its actions are void and a nullity from**

11

their inception." (*Daniels* at 940); and, **"[w]here an agency's action is void, it may be attacked at any time, in any court, either directly or collaterally."** (*Id.* at 940).

3.    The Board which oversaw the Scatchell matter is illegal; therefore, the purported Board does not exist.

4.    Since the Board is illegal, all of its actions since inception are a nullity.

5.    There are justiciable issues.

6.    There are an actual case and controversy.

7.    Plaintiff was harmed by Defendants' actions and conduct.

8.    Plaintiff could be harmed in the future for same offensive conduct.

9.    Plaintiff suffered harm which included loss of employment; financial losses; legal fees; pain and suffering; and stress.

10.    Defendants were and are the proximate cause of Plaintiff's harm.

**WHEREFORE**, the Plaintiff prays that the Circuit Court declare that the Board is illegal and that "[w]here an administrative body acts outside of its specific statutory authority, it acts without jurisdiction, and its actions are void and a nullity from their inception." Therefore, [that] the Court finds every action by the Board in the Scatchell administrative matter, is a nullity\void. And, furthermore, that Plaintiff is returned to status quo which is the time period prior to his having been charged by Petitioner for violating police

12

department regulations. Plaintiff seeks monetary relief to include back pay for any period of time for which he was deprived of his salary.

## COUNT IV – VIOLATIONS OF THE OPEN MEETINGS ACT (5 ILCS 120/) TO INCLUDE A DUE PROCESS VIOLATION CAUSED BY THE VIOLATIONS

1.      Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth.

2.      Defendant Board failed to post notices as to status and trial hearing dates. This, in violation of 5 ILCS 120/.

3.      The Board did not vote in an "open session" to terminate Plaintiff.

4.      There is not a "transcript-record" of the decision to terminate.

5.      There is not a notice of executive session for the purpose of deliberations.

6.      By the Board's failure to abide by 5 ILCS 120/, Plaintiff was deprived of due process.

7.      Plaintiff was harmed by Defendants' actions and conduct.

8.      Plaintiff suffered harm which included loss of employment; financial losses; legal fees; pain and suffering; and stress.

9.      Defendants were and are the proximate cause of Plaintiff's harm.

13

**WHEREFORE**, the Plaintiff prays that **if** the Circuit Court finds that the Board's decisions (multiple between April 2018 and December 6, 2018) are not void ([as] for the reasons indicated in Count 1), then that the Court find all decisions by the Board (including the termination decision) are void for the Board's failure to abide by 5 ILCS 120/. And, furthermore, that Plaintiff is returned to status quo which is the time period prior to his having been charged by Petitioner for violating police department regulations. Plaintiff seeks monetary relief to include back pay for any period of time for which he was deprived of his salary.

## COUNT V: ANY AND ALL GUILTY FINDINGS AS TO SICK LEAVE ARE VOID SINCE THE CBA WAS VIOLATED

1.      Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth.

2.      Defendants violated the Collective Bargaining Agreement (CBA) by not following the CBA's rule that a "sick leave board" must be convened where an officer has been on sick leave in excess of 30 days.

3.      Plaintiff was harmed by Defendants' actions and conduct.

4.      Plaintiff suffered harm which included loss of employment; financial losses; legal fees; pain and suffering; and stress.

5.      Defendants were and are the proximate cause of Plaintiff's harm.

**WHEREFORE**, the Plaintiff prays that **if** the Circuit Court finds that the Board's decisions (multiple between April 2018 and December 6, 2018) are not void (as for the reasons indicated in Count 1), then that the Court find all decisions by the Board (including the termination decision) void for the Board's failure to abide by 5 ILCS 120/. And, furthermore, that Plaintiff is returned to status quo which is the time period prior to his having been charged by Petitioner for violating police department regulations. Plaintiff seeks monetary relief to include back pay for any period of time for which he was deprived of his salary.

## COUNT VI: COUNT EIGHT OF THE ADMINISTRATIVE COMPLAINT WAS BROUGHT IN VIOLATION OF PLAINTIFF'S ENTITLEMENT TO DUE PROCESS

1.      Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth.

2.      Plaintiff did not have "effective notice" that he might be found guilty of exercising his 5th Amendment right to remain silent.

3.      Plaintiff was harmed by Defendants' actions and conduct.

4.      Plaintiff suffered harm which included loss of employment; financial losses; legal fees; pain and suffering; and stress.

5.      Defendants were and are the proximate cause of Plaintiff's harm.

15

**WHEREFORE**, the Plaintiff prays that **if** the Circuit Court finds that the Board's decisions (multiple between April 2018 and December 6, 2018) are not void (as for the reasons indicated in Count 1), then that the Court finds Count III of the Amended Complaint (before the Board) is void. Therefore, the guilty finding as to Count III must be void. Plaintiff seeks monetary relief to include back pay for any period of time for which he was deprived of his Melrose Park salary.

### COUNT VII: THE FINDINGS OF GUILT AS TO EACH RESPECTIVE COUNT ARE VOID SINCE COUNT VII OF THE ORIGINAL AND AMENDED COMPLAINTS WAS DISMISSED\WITHDRAWN BY THE PETITIONER

1. Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth.

2. The Board rules require a finding of "Probable Cause" in order for an administrative prosecution to occur.

3. Count XII was the basis of a Probable Cause finding for all other counts.

4. When Count XII was dismissed\withdrawn, there was no longer probable cause for any remaining charge.

5. A probable cause finding as to all charges (not including Count XII) was predicated on Count XII.

6. Plaintiff was harmed by Defendants' actions and conduct.

16

7.     Plaintiff suffered harm which included loss of employment; financial losses; legal fees; pain and suffering; and stress.

8.     Defendants were and are the proximate cause of Plaintiff's harm.

**WHEREFORE**, the Plaintiff prays that **if** the Circuit Court finds that the Board's decisions (multiple between April 2018 and December 6, 2018) are not void (as for the reasons indicated in Count 1), then that the Court finds that all guilty findings found in the Boards' final Order (Ex. 1) are void. Plaintiff seeks monetary relief to include back pay for any period of time for which he was deprived of his Melrose Park salary.

## COUNT VIII: SCATCHELL'S CONVICTION FOR EXERCISE OF HIS FIFTH AMENDMENT RIGHT NOT TO INCRIMINATE HIMSELF OFFENDS HIS CONSTITUTIONAL RIGHT, AS WELL AS HIS SUBSTANTIVE DUE PROCESS RIGHT, TO EXERCISE FIFTH AMENDMENT ENTITLEMENTS

1.     Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth.

2.     Plaintiff was found guilty of Count VIII. The Board having written in part, in its Final Order (the Decision):

> "As the Board understands *Garrity* v. *New Jersey,* 385 U.S. 493 (1967), an employee may be coerced, under threat of discipline, to answer questions related to his fitness for holding his job, as long as he is advised that the statements cannot be used against him in any criminal proceeding, but can form the basis for suspending or discharging an employee." (Order at page 6).

17

3.      Plaintiff avers that such finding is inaccurate in the context of the matter which was before the Board; therefore, a Constitutional right for which the Plaintiff was entitled was violated where the Board found Plaintiff guilty of exercising his Fifth Amendment Right not to incriminate himself.

4.      Plaintiff was harmed by Defendants' actions and conduct.

5.      Plaintiff suffered harm which included loss of employment; financial losses; legal fees; pain and suffering; and stress.

6.      Defendants were and are the proximate cause of Plaintiff's harm.

**WHEREFORE**, the Plaintiff prays that **if** the Circuit Court finds that the Board's decisions (multiple between April 2018 and December 6, 2018) are not void ([as] for the reasons indicated in Count 1), then that the Court finds the guilty finding as to Count VIII is void. Plaintiff seeks monetary relief to include back pay for any period of time for which he was deprived of his Melrose Park salary.

Dated:  December 29, 2018
Respectfully,
s\\**Christopher Cooper**, ESQ.,  Plaintiff's Attorney
Indiana Bar: 2123245; Illinois Bar:  6307550; Cook County: #49766
Law Office of Christopher Cooper, Inc.
**Fraternal Order of Police Legal Defense Plan Attorney**
79 West Monroe Street, Suite 1213, Chicago, IL 60610 [or]
426 N. Broad Street, Griffith, IN 46319
Tel: 312 473 2968 Tel: 219 228 4396 FAX: 866 334 7458
cooperlaw3234@gmail.com

CERTIFICATE OF SERVICE & 109 STATEMENT

Under penalties as provided by Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that she believes the contents to be true and accurate. s\John Scatchell, 12-30-18

## Proof for Service

The undersigned affirms that he caused the foregoing and attachments to be e-filed with the Court on 12/30/2018. s\Christopher Cooper

19