UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN SCATCHELL, | ) |
| | ) |
| Plaintiff, | ) Case No. 18-cv-3989 |
| | ) |
| v. | ) Honorable Charles R. Norgle, Sr. |
| | ) |
| VILLAGE OF MELROSE PARK, RONALD M. SERPICO, SAM C. PITASSI, MICHAEL CASTELLAN, and STEVE ROGOWSKI, | ) Honorable Michael T. Mason |
| | ) |
| Defendant. | ) |

DEFENDANTS' RESPONSE
TO PLAINTIFF'S AMENDED MOTION
TO FILE A FIRST AMENDED COMPLAINT

Each of the Defendants object to Plaintiff's Amended Motion for Leave to File the proposed First Amended Complaint because the addition of Plaintiff's Son as a party would be duplicative of the Son's other pending actions, and also because joinder of the second Plaintiff is not permitted under FRCP 20 because the Son's claims do not arise out of the same transaction, occurrence, or series of transactions and occurrences, and because there is no real question of law or fact that is common to both the Plaintiff and his Son's claims. In support of their objections, Defendants state as follows:

1. This is an action brought by John J. Scatchell (also called "Scatchell Sr." or "Senior") in June 2018 relating to his employment with the Village of Melrose Park and Senior brings claims against various Village officials, including the Mayor. Defendants have answered the Complaint, have issued their Initial Disclosures and have initiated written discovery, pursuant to the Joint Status Report the Parties filed with the Court. Plaintiff's responses to written

discovery were due on or about January 28, 2019, February 4, 2019, and February 6, 2019, and are now overdue.

2. One of the key issues in the proposed First Amended Complaint is to add John A. Scatchell (also called "Scatchell Jr." or "Junior") as a Plaintiff, and to that end, Plaintiff's Amended Motion alleges that adding Scatchell Jr. "will avoid duplicative lawsuits." That claim, however, is incorrect; Scatchell Jr. has already filed multiple lawsuits relating to the investigation into his misconduct and his ultimate termination, including, Case No. 2018 L 001743 (seeking discovery concerning the person who complained about Scatchell Jr.'s misconduct and which, following an investigation and hearing, led to Scatchell Jr.'s termination); 2018 CH 05282 (seeking to enjoin the administrative hearing concerning his misconduct); 2018 CH 07685 (again seeking to enjoin the administrative hearing concerning his misconduct); and 2018 CH 16150 (challenging the termination of his employment on administrative review and other theories). A copy of the Complaint in 2018 CH 16150 is attached as Exhibit A.

*Adding the Son's Claims Would Be Duplicative of Other Pending Claims*

3. "[A]s a general rule, a federal suit may be dismissed 'for reasons of wise judicial administration'" "whenever it is duplicative of a parallel action already pending in another federal court." *See, e.g., Berry v. Illinois Dept. of Human Servs.*, Slip Op. No. 00 C 5538, 2001 U.S. Dist. Lexis 1041, *59-60 (N.D. Ill. Feb. 2, 2001). The same rule should apply when the second case is pending in State court.

4. Because the son's claims in the proposed First Amended Complaint and the claims in Case No. 2018 CH 16150 all relate to the termination of the son's employment,

allowing those claims to be brought in this action would be duplicative and would be exactly the kind of judicial inefficiency that Plaintiff claims he seeks to avoid.

5. As Plaintiff's Amended Motion concedes, an amendment need not be granted if it is futile or if it creates undue prejudice to the opposing party. (Pl. Mot. ¶3). Here, Plaintiff's proposed amended complaint adding Scatchell Jr.'s termination claims would be futile because it would be duplicative of the claims he now has pending in the Circuit Court of Cook County, and would therefore be subject to dismissal. *E.g. Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 224 (7th Cir. 1993). Further, litigating Scatchell Jr.'s claims in multiple forums would be unduly burdensome and prejudicial to the Defendants, especially where the Defendants in the varying claims are different, such as the fact that the Board of Fire and Police Commissioners ("BOFPC") is a Defendant in Scatchell Jr.'s Administrative Review lawsuit (2018 CH 16150) because the BOFPC made the decision to terminate his employment, but the BOFPC is not a Defendant in the proposed Amended Complaint.

6. Here, the Administrative Review action is the preferred mechanism for addressing Scatchell Jr.s' claims:

> The Administrative Review Act provides a simple mode of review, eliminates the inequities and confusion of traditional common law remedies, and provides a single uniform method by which administrative decisions of a governmental agency can be reviewed. When the Act applies, it is the sole and exclusive method for obtaining judicial review of an administrative decision. Furthermore, the reviewing court's power to resolve any controversy regarding the sufficiency of the administrative agency s findings of fact must be exercised within the course of reviewing the board's discharge order and not in a separate proceeding.
>
> …. Any due process claims are inherent in an administrative review action because the reviewing court has a duty to insure that due process and an impartial adjudication were provided at the administrative hearing. The purpose of administrative review is "to make certain the agency has acted within its judicial bounds defined by law, to guard those statutory and constitutional rights guaranteed to one subject to administrative action, and to ascertain whether the record supports the order issued."

*Marozas v. Board of Fire & Police Comm'rs*, 222 Ill. App. 3d 781, 790-1, 584 N.E.2d 402, 408-9 (1st Dist. 1991) (citations omitted). Accordingly, the Court should deny Plaintiff's Motion on this basis alone.

*Adding the Son's Claims is Inconsistent with FRCP 20(a)*

7. Moreover, and wholly aside from the fact that the proposed amended complaint would be futile and unduly prejudicial, joining Scatchell Jr.'s claims to this lawsuit is inconsistent with FRCP 20(a)(1), which provides: "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and (B) any questions of law or fact common to all defendants will arise in the action." The joinder "rules are broad, giving district courts considerable flexibility in managing and structuring civil litigation for fair and efficient resolution of complex disputes. Still, there are limits. 'Unrelated claims against different defendants belong in different suits.'" *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018). "The judge may deny joinder under Rule 20 if 'the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense or delay." *Id.*, *citing* 7 Wright & Miller, Federal Practice and Procedure §1652 (3d ed.). *See generally Berry v. Illinois Dept. of Human Servs.*, Slip Op. No. 00 C 5538, 2001 U.S. Dist. Lexis 1041, *59-60 (N.D. Ill. Feb. 2, 2001) ("Factors that have been considered in determining whether discrimination claims arise from the same transaction, occurrence, or series of transactions or occurrences include the time period during which the alleged acts occurred, whether the acts of discrimination are related, whether there were differing types of adverse employment actions, whether more than one type of discrimination is alleged, whether the same supervisors were involved, whether employees worked in the same department, whether

4

employees were at different geographical locations, and whether a company-wide policy is alleged").

8.  The "transaction" or "occurrences" relating to Senior's claims are his claims about denial of a promotion to Deputy Chief by the Mayor, someone throwing "three ¼ sticks of dynamite at Scatchell Sr.'s house", transferring Senior from "shift supervisor" to "station supervisor", an allegation that "Defendants directly, personally, and in concert, attempted to pin a false case on Scatchell Sr.", and an allegation that the Village Board changed the retirement age to age 62. (Proposed FAC ¶¶37, 53, 64, 74, 86) Plaintiff claims that as a result, Senior retired effective June 7, 2018. (Proposed FAC ¶7) None of those incidents involved Junior.

9.  In contrast, Junior's claims in the proposed FAC were based upon allegations that on "November 13, 2018" [sic], Defendants conduction an "investigation based on an anonymous letter that [Junior] was abusing sick leave" and his allegations that there was inappropriate conduct during the investigation and that Junior was discharged as a result of the investigation by the BOFPC. (Proposed FAC ¶96, 104-5, 110-11, 118)

10. Thus, an examination of Scatchell Jr.'s claims show that they are not "part of the same nucleus of operative fact[s] of the existing Complaint" as alleged in the Motion. Scatchell Jr.'s claims relate specifically to his own misconduct and the consequences of his misconduct and they have no connection to any of the events that Scatchell Sr. complains about. Junior's claims relate to a different time period, different adverse employment actions, with different people involved (there is no suggestion that the Mayor was involved in Junior's claims or that the BOFPC had any role in a decision involving Senior.

11. The only alleged connection between Senior's claims and Junior's claims are the allegation that injuring Junior "was the Defendants' intended means of harming Scatchell, Sr."

5

(Proposed FAC ¶116), but Senior had retired six months before Junior's termination. In any event, as the Court made clear in the *Berry* case, motive alone is not a basis for joinder. *See also Bailey v. Northern Trust Co.*, 196 F.R.D. 513, 517 (N.D. Ill. 2000) ("Although plaintiffs' claims rest upon the same general theory of law – race discrimination – this is not sufficient for purposes of Rule 20(a)").

12. In effect, allowing the proposed FAC would "inevitably focus in detail on the separate work histories of each plaintiff," something that does not support joinder. *Id. See also Harris v. Spellman,* 150 F.R.D. 130, 131 (N.D. Ill. 1993) ("Rule 20(a) seeks to promote judicial economies, a goal that is not served where (as here) the incidents underlying the claims are wholly separate, so as to require entirely different proof"). In short, while Plaintiffs allege "that a common question of law exists, i.e., whether [Defendants retaliated" against them …, they have failed to establish that their claims arose from the same transaction or occurrence." *Buie v. Experian Info. Solutions*, 1998 U.S. Dist. Lexis 16568 *14 (N.D. Ill. Oct. 14, 1998).

13. In the alternative, if this Court were to decide that some portions of Scatchell Jr.'s claims should be heard in this action, because the key issue in Scatchell Jr.'s claims is whether he was properly discharged for misconduct, in order to avoid the risk of inconsistent decisions, the Defendants respectfully request that this Court stay Scatchell Jr.'s claims until the administrative review claim in Case No. 2018 CH 016150 is resolved.

14. The Undersigned counsel for the Village of Melrose Park has been authorized by all other Defense Counsel to report that all Defendants agree with and join in this Response.

WHEREFORE, Defendants respectfully request that Plaintiff's Amended Motion for leave to file the Proposed First Amended Complaint be denied, and that the Court grant such further and additional relief as the Court deems just and proper.

Dated: February 22, 2019                VILLAGE OF MELROSE PARK

                                                By:     /s Jeffrey S. Fowler
                                                        One of Its Attorneys

Jeffrey S. Fowler (6205689)
Laner Muchin, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60654
(312) 467-9800
(312) 467-9479 (fax)

7

**Certificate of Service**

I, the undersigned attorney, hereby certify that a copy of the foregoing Response was served upon counsel for the Plaintiff on this 22d day of February, 2019, through the functions of the Court's e-filing system, to:

>Gianna Scatchell
>Law Offices of Gianna Scatchell
>360 West Hubbard Street, Suite 1404
>Chicago, Illinois 60654
>gia@lawfirm.gs
>
>K. Austin Zimmer
>Del Galdo Law Group, LLC
>1441 South Harlem Avenue
>Berwyn, Illinois 60402
>zimmer@dlglawgroup.com
>
>Michael Bersani
>Hervas, Condon & Bersani, P.C.
>333 W. Pierce Road, Suite 195
>Itasca, Illinois 60143-3156
>mbersani@hcbattorneys.com

>/s Jeffrey S. Fowler