IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN SCATCHELL SR., | ) | |
| | ) | |
| Plaintiff, | ) | No. 18-cv-3989 |
| | ) | |
| v. | ) | |
| | ) | |
| VILLAGE OF MELROSE PARK, et al., | ) | Hon. Charles R. Norgle |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's motion for leave to file an amended complaint [21] is denied.

## STATEMENT

Plaintiff John Scatchell Sr. has moved for leave to file an amended complaint under Federal Rules of Civil Procedure Rule 15. Plaintiff, a retired lieutenant in the Melrose Park Police Department (the "Police Department"), filed suit against the Village of Melrose Park, Ronald M. Serpico, Sam Pitassi, Michael Castellan, and Steven Rogowski (the "Defendants") for alleged actions that deprived him of his civil rights in connection with his position with the Police Department. He seeks relief under the First Amendment, 42 U.S.C. 1981, and 42 U.S.C. 1983. For the following reasons, the motion is denied.

Plaintiff moves to amend his complaint to join John Scatchell Jr.,[1] his son, as a plaintiff in this litigation. Plaintiff claims the relief sought by both he and John Scatchell Jr. is based on a common nucleus of facts and questions of law and Defendants would not suffer from undue delay or prejudice if John Scatchell Jr. were joined. Plaintiff alleges that, John Scatchell Jr. who was working as a police officer for the village, was unjustifiably terminated as a means of retaliating against him after Plaintiff retired. John Scatchell Jr. was terminated after an investigation into abuse of the sick leave policy, which Plaintiff asserts was pre-textual and without merit.

Defendants argue that joining John Scatchell Jr. and claims specific to him would be inconsistent with Rule 20(a). Defendants further argue that adding John Scatchell Jr.'s claims to this litigation would cause duplicative litigation, thus running afoul of the general rule of promoting judicial economy,[2] and the proper method for adjudicating John Scatchell Jr.'s claims is under the Illinois Administrative Review Act, 735 ILCS 5/3–101 *et seq.*, which establishes

---

[1] The record is silent regarding John Scatchell Jr.'s individual request to join this litigation. Although the arguments made by Plaintiff herein give the impression that John Scatchell Jr. wants to join as a plaintiff, an evidentiary basis that it was John Scatchell Jr.'s own volition to request to join this litigation has neither been submitted nor identified.

[2] Defendants provide a list of state court actions that John Scatchell Jr. has filed. Dtk. 32 at 2; Id. Ex. A. This list, along with the allegations contained within the proposed amended complaint regarding being put on notice of claims filed with the BFPC (proposed am. compl. ¶ 103), demonstrates that due process has not been abrogated. See Bradley v. Vill. of Univ. Park, Illinois, ___F.3d___, 2019 WL 3121844 (7th Cir. July 16, 2019).

procedures for seeking state-court review of a final administrative ruling. The Court finds it necessary to address only Defendants' Rule 20 argument to resolve this motion.

A motion to amend under Rule 15(a) will not be permitted if it is futile. Foman v. Davis, 371 U.S. 178, 182 (1962); Lee v. Ne. Illinois Reg'l Commuter R.R. Corp., 912 F.3d 1049, 1053 (7th Cir. 2019). But Plaintiff seeks to join an additional plaintiff—therefore, Rule 20, which governs permissive joinder, is the proper vehicle under the circumstances to address whether a plaintiff can be added. If joinder is improper under Rule 20, then amending the complaint would be futile and should be denied under Rule 15(a).

Rule 20(a)(1) allows permissive joinder of claims "arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all these plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Federal policy favors joinder, and district courts enjoy wide discretion in deciding whether joinder is proper. Hawkins v. Groot Industries, Inc., 210 F.R.D. 226, 230 (N.D. Ill. 2002).

Regarding the first prong of Rule 20(a)(1), "the Seventh Circuit has not yet fashioned a definitive standard for determining what constitutes a single transaction or occurrence." McDowell v. Morgan Stanley & Co., 645 F. Supp. 2d 690, 694 (N.D. Ill. 2009); see also Bailey v. N. Trust Co., 196 F.R.D. 513, 515 (N.D. Ill. 2000); Maclin v. N. Telecom, Inc., No. 95 C 7485, 1996 WL 495558, at *6 (N.D. Ill. Aug. 28, 1996). Instead, district courts take a case-by-case approach, taking into consideration the following factors in the context of employment discrimination suits: (1) the period during which the alleged acts occurred; (2) whether there are differing types of adverse employment actions; (3) whether more than one type of discrimination is alleged; (4) whether the same supervisors were involved; (5) whether the employees worked in the same department; (6) whether the employees were at different geographical locations; and (7) whether a company-wide policy is alleged. Id. Rule 20 is liberally construed to allow permissive joinder, thus promoting judicial efficiency, especially when there is no prejudice to the opposing party. Therefore, courts consider the above factors to ensure consistency with the goal of "promot[ing] trial convenience and expedit[ing] the final determination of disputes." Hills v. AT&T Mobility Servs., LCC, No. 3:17-CV-556-JD-MGG, 2018 WL 6322363, at *3 (N.D. Ind. Dec. 4, 2018) (citations and internal quotations omitted).

The above factors weigh against joinder. Plaintiff and John Scatchell Jr. both worked as police officers for the Police Department but in different roles and capacities; Plaintiff was a lieutenant while John Scatchell Jr. had only achieved the rank of police officer. Dkt. 21 Ex. 1, Proposed Am. Compl. ¶¶ 7–8. The alleged actions that caused Plaintiff's and John Scatchell Jr.'s injuries are distinct. As addressed below, the specific factors of different time periods of events, different adverse employment actions, and varying village officials involved in both Plaintiff's and John Scatchell Jr.'s allegations when taken together are enough to deny joinder.

Plaintiff alleges that he was harassed into early retirement by the Police Department and village officials. The harassment and retaliation began after Plaintiff, as the president of the fraternal order of police, raised concerns with village officials of alleged selective enforcement of the village's residency requirements. Plaintiff's allegations of retaliation include not receiving a promotion in 2017 (Compl. ¶¶ 39–45); on December 22, 2016, having quarter sticks of dynamite thrown at his house and the lack of investigation into the incident (id. ¶¶ 46–49); after an August 2017 traffic incident, having the Police Department concoct reasons to conduct an internal investigation into Plaintiff (id. ¶¶ 65–75); and experiencing several harassing interactions with village officials after Plaintiff filed his September 2017 EEOC complaint (id. ¶¶ 76–79).

     Conversely, John Scatchell Jr. is alleging that he was terminated by the Board of Fire and Police Commission ("BFPC") in December 2018. John Scatchell Jr.'s allegations center around the actions taken by village officials after Plaintiff filed an EEOC complaint and had already retired from the Police Department six months prior to the alleged retaliatory actions against him. John Scatchell Jr. further alleges that the Police Department conducted an illegitimate investigation into his use of sick leave based on an anonymous letter and that improper investigative techniques were used during the process. Proposed Am. Compl. ¶¶ 96, 104. John Scatchell Jr. also asserts he did not receive progressive disciplinary actions. Instead, the claims against him were referred directly to the BFPC, bypassing the normal disciplinary procedure.

     The allegations that Plaintiff seeks to combine in his proposed amended complaint are factually dissimilar. Although they may involve the same general theories of law, the allegations regarding John Scatchell Jr. are insufficient for the purpose of joinder under Rule 20(a). See Bailey v. N. Tr. Co., 196 F.R.D. 513, 517 (N.D. Ill. 2000). The allegations involve different time periods, different culpable actors, and different adverse employment actions and results. Because Plaintiff has failed to satisfy the Rule 20 requirements, joinder is improper, and the Court denies Plaintiff's motion.

     IT IS SO ORDERED.

ENTER:

*Charles Norgle*

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: August 7, 2019