UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN SCATCHELL, | ) |
| Plaintiff, | ) Case No. 18-cv-3989 |
| vs. | ) |
| | ) Honorable Charles R. Norgle, Sr |
| VILLAGE OF MELROSE PARK, | ) |
| RONALD M SERPICO, SAM C. PITASSI, | ) Honorable Michael T. Mason |
| MICHAEL CASTELLAN, and | ) |
| STEVE ROGOWSKI | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

## HIPAA QUALIFIED PROTECTIVE ORDER

THIS MATTER COMING ON TO BE HEARD on the Motion of Defendants, due notice having been given and the Court being fully advised in the premises:

**IT IS HEREBY ORDERED:**

1. The current parties, their attorneys, and future parties and their attorneys are hereby authorized to receive, subpoena, and transmit protected health information pertaining to Plaintiff JOHN J. SCATCHELL SR., to the extent and subject to the conditions outlined herein.

2. For the purposes of this Qualified Protective Order, õprotected health informationö or õPHIö shall have the same definition as set forth in 45 CFR 164.501, which includes, but is not limited to, health information, including demographic information, relating to either: (a) the past, present, or future physical or mental condition of an individual, (b) the provision of health care to an individual, or (c) the payment for care provided to an individual which identifies the individual or which reasonably could be expected to identify the individual.

3. All õcovered entitiesö (as defined by 45 CFR 164.103) are hereby authorized to disclose PHI pertaining to Plaintiff JOHN J. SCATCHELL SR., to all attorneys now of record in this matter or who may become of record in the record in the future in this litigation. This authorization includes but is not limited to any and all mental health records, psychological and psychiatric records and records otherwise containing sensitive or private confidential information related to mental health, including, but not limited to, substance abuse counseling and treatment information.

4. The parties and their attorneys shall be permitted to use the PHI of Plaintiff JOHN J. SCATCHELL SR., in any manner which is reasonably connected with the above-captioned litigation. This includes, but is not limited to, disclosure to the parties, their attorneys of record,

**EXHIBIT A**

the attorneys' firms (attorneys, support staff, and agents), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and any other entity involved in this litigation. The parties may designate any PHI as confidential material pursuant to a Protective Order under Federal Rule of Civil Procedure 26(c). The parties shall use the model confidentiality order developed by the Northern District of Illinois.

     5.     At the conclusion of the litigation, any person or entity in possession of PHI received pursuant to paragraph 4 of this Order, shall destroy any and all copies of PHI in their possession.

     6.     This Order shall not control or limit the use of PHI pertaining to Plaintiff JOHN J. SCATCHELL SR., which any party or any party's attorney receives from a source other than a covered entity.

     7.     Nothing in this Order authorizes Defendants' counsel to obtain medical records or information through a means other than formal discovery requests, subpoena depositions, via patient authorizations, or through attorney-client communications. Similarly, nothing in this Order relieves any party from complying with the requirements of the AIDS Confidentiality Act, 410 ILCS 305/1, et seq. 42 USC 290dd-3 and 290ee-3 and 42 CFR Part 2.

     8.     Plaintiff JOHN J. SCATCHELL SR. is hereby ordered to sign any medical or mental health authorization release form that may be required of any covered entity that possesses PHI.

     IT IS SO ORDERED THIS _____ DAY OF _____, 2020.

     Entered:

     _____

     Judge _____