UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| John Scatchell, Sr., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2018-cv-03989 |
| | ) | |
| v. | ) | Judge John F. Kness |
| | ) | |
| Village of Melrose Park, an Illinois | ) | Magistrate Judge Michael T. Mason |
| Municipal Corporation; Ronald M. Serpico; | ) | |
| Sam C. Pitassi; Michael Castellan; and | ) | |
| Steven Rogowski, | ) | |
| | ) | |
| Defendants. | ) | |

**VILLAGE OF MELROSE PARK'S MOTION TO QUASH PLAINTIFF'S 30(B)(6) NOTICE OF DEPOSITION, OR IN THE ALTERNATIVE, ISSUE A PROTECTIVE ORDER TO PREVENT PLAINTIFF'S HARASSING DISCOVERY TACTICS**

NOW COMES the Village of Melrose Park, by its undersigned counsel, and respectfully requests that this Honorable Court enter an Order quashing Plaintiff's Notice of 30(b)(6) Deposition because the content of the Notice does not provide reasonable particularity as required by FRCP 30(b)(6), and because the proposed scope of the deposition goes far beyond anything that is permissible. In support of its Motion, the Village states as follows:

1. This is an action brought by a former police lieutenant, alleging that he was subjected to adverse employment actions for supporting another officer's (Lavalais) objections to a residency order.

2. To date, Plaintiff has taken seven depositions and intends to take up to five more. [Dkt. #45 p.2] Notably, those depositions have included Mayor Serpico, Director of Police Pitassi, and the two Deputy Chiefs of Police (Castellan and Rogowski).

1

3. On March 4, 2020, Plaintiff issued a 30(b)(6) Deposition Notice, listing the following as the subject matter of the proposed testimony:

> Lay the foundation as to authenticity, applicable hearsay definitions and/or exceptions, best evidence, and other foundational requirements for documents tendered to all other deponents in this case including, but not limited to: Village of Melrose Park ordinances, resolutions, policies, rules and regulations; Collective Bargaining Agreements; Village Board meeting minutes and agendas; Village Board of Police and Fire Commissioners/Personnel Board minutes, agendas, and decisions; Melrose Park Police Department records, including personnel records and police records, tickets, complaints, traffic crash reports, and citations; emails sent to/received by Melrose Park, Illinois staff members from @melroseparkpd.com email addresses or other email addresses affiliated with the Village of Melrose Park, Illinois; EEOC activity log (Plaintiff's Prod. 4, Castellan Ex. 4), EEOC filings and correspondence; tables of organization and organizational charts; correspondence sent from attorneys representing the Village or any of its individuals in the instant litigation (including prior to litigation) or in the Lavalais litigation; Melrose Park Police Department policies; anonymous letters in deposition exhibits; statements of economic interests filed by Melrose Park employees with Cook County, Illinois (Castellan Ex. 11); Statement of Charges filed against Michael Castellan at the Board of Fire and Police Commissioners / Village of Melrose Park; billing records from Laner Muchin (e.g., but not limited to, Castellan Exhibit 14, 15; Pitassi Exhibit 18, 19, 20; Serpico Exhibits 12, 13); insurance documents (e.g., Complaint for Declaratory Judgment in USSI v. VMP, 19-cv-05232); consent decrees covering the Village at any point (e.g., the Lavalais consent decree); text messages sent by individual Defendants to John Scatchell, Sr. (e.g., Pitassi Exhibit 10); Village of Melrose Park Pension Fund meeting minutes and agendas; red light violation notices
> issued by Melrose Park; Melrose Park Internal Affairs Reports; alcohol /drug testing documents; and other like and related documents. 2. Overtime hours worked by Peter Caira on the John Scatchell, Jr. investigation, including payroll and benefit time records reflecting actual overtime worked and paid and/or for which he received accrued benefit time. The witness is requested to produce official payroll records and benefit time records reflecting these amounts; 3. The witness may also be asked about the police department disciplinary process from
> the initiation of complaints, to assessments of initial complaints, to assignment of complaints, to internal affairs procedures and investigations, determinations or sustained and/or not sustained; determination and recommendation of discipline; imposition of discipline; selection of number of days and/or termination of officers; suspension and termination of officers; decision and filing of cases before the Board of Fire and Police Commissioners; historical actual filings of cases at such Board (including specific examples of other officers who have had hearings there, for what allegations, and outcomes); and the decision not to file charges with the Board, but to impose police discipline internally (e.g., on relatives of Pitassi and Castellan). (Ex. 4)

4. Many of the foregoing topics do not provide "reasonable particularity" of the topics sought to be the subject of an examination, as required by FRCP 30(b)(6). For example, , "Internal Affairs Reports" and "alcohol /drug testing documents" do not identify which reports and documents are at issue and would require the witness to become familiar with virtually all such documents, with no express limitations regarding the time period or even the nature of the tests (pre-hire, random, cause, post-accident, etc.).

5. Other topics might seem to be sufficiently detailed at a glance, but are not. For example, the first topic in Plaintiff's 30(b)(6) Notice is "Village of Melrose Park ordinances, resolutions, policies, rules and regulations; Village Board meeting minutes and agendas," but there are no chronological or subject matter limitations to these topics.

6. Moreover, the list of topics is unreasonable because it will result in more than twenty separate depositions; the list below groups the topics and divides them by likely responsive witnesses:

1. Village of Melrose Park ordinances, resolutions, policies, rules and regulations; Village Board meeting minutes and agendas (The Village Clerk or designee);
2. Collective Bargaining Agreements (Mayor Serpico);
3. Village Board of Police and Fire Commissioners/Personnel Board minutes, agendas, and decisions and the Statement of Charges filed against Michael Castellan at the Board of Fire and Police Commissioners / Village of Melrose Park, and historical actual filings of cases at such Board (including specific examples of other officers who have had hearings there, for what allegations, and outcomes) (Secretary of the BOFPC);
4. Melrose Park Police Department records, including … police records, tickets, complaints, traffic crash reports, and citations (MPPD Records staff);
5. emails sent to/received by Melrose Park, Illinois staff members from melroseparkpd.com email addresses or other email addresses affiliated with the Village of Melrose Park, Illinois (Village IT staff for non-police emails; MPPD IT for MPPD-related emails);
6. EEOC filings and correspondence (Village attorney from the Del Galdo Law Group);
7. Melrose Park Police Department personnel records, tables of organization and organizational charts and payroll and benefits records relating to Caira's overtime (Village HR Manager)
8. correspondence sent from attorneys representing the Village or any of its individuals in the instant litigation (including prior to litigation) or in the Lavalais litigation (Three separate law firms relating to Defendants);

9. Melrose Park Police Department policies and police department disciplinary process from the initiation of complaints, to assessments of initial complaints, to assignment of complaints, to internal affairs procedures and investigations, determinations or sustained and/or not sustained; determination and recommendation of discipline; imposition of discipline; selection of number of days and/or termination of officers; suspension and termination of officers; decision and filing of cases before the Board of Fire and Police Commissioners; and the decision not to file charges with the Board, but to impose police discipline internally; and anonymous letters in deposition exhibits (e.g., on relatives of Pitassi and Castellan) (Pitassi or Rogowski, who have already been deposed on these issues);
10. statements of economic interests filed by Melrose Park employees with Cook County, Illinois (Castellan already testified about the documents);
11. billing records from Laner Muchin (Village Controller or Laner Muchin representative);
12. insurance documents (e.g., Complaint for Declaratory Judgment in USSI v. VMP, 19-cv-05232) (an attorney from Peterson Johnson & Murray - Chicago LLC);
13. consent decrees covering the Village at any point (e.g., the Lavalais consent decree) (Village counsel from 1986-1994);
14. text messages sent by individual Defendants to John Scatchell, Sr. (the four individual Defendants, who were each already deposed);
15. Village of Melrose Park Pension Fund meeting minutes and agendas (Secretary of the Pension Board);
16. red light violation notices issued by Melrose Park (the vendor who manages the program);
17. Melrose Park Internal Affairs Reports (could be multiple individuals, depending upon which reports are addressed);
18. alcohol /drug testing documents (the Village cannot identify witnesses without more clarity as to the documents being addressed);
19. and other like and related documents (the Village cannot respond to this topic).
20. Overtime hours worked by Peter Caira on the John Scatchell, Jr. investigation, including payroll and benefit time records reflecting actual overtime worked and paid and/or for which he received accrued benefit time (Caira).

7. Several of Plaintiff's proposed topics are simply too broad because the Village cannot identify the outer limits of the area of inquiry, and therefore cannot properly prepare witnesses on those topics.

8. Other topics are inappropriate because any arguable relevance is so remote that the burden of preparing and producing an appropriate witness is disproportionate, including, for example, a 1987 consent decree that was dismissed in 1994.

9. Other topics are overbroad because they are not limited to issues involving individuals who are similarly situated to the Plaintiff. *E.g. Boss v. Castro*, 816 F.3d 910, 917 (7th

Cir. 2016) ("A similarly-situated employee is one whose performance, qualifications, and conduct are comparable in all material respects").

      10.     As explained in detail in the attached Memorandum of law, pursuant to Local Rule 37.2, the undersigned counsel for the Village states that after consultation in person, by email and by telephone and good faith attempts to resolve differences, the Parties are unable to reach an accord.

      WHEREFORE, the Village of Melrose Park respectfully requests that Plaintiff's 30(b)(6) Notice be quashed and that the Court grant such further and additional relief as the Court deems just and proper.

Dated: April 8, 2020                                    VILLAGE OF MELROSE PARK

                                                            By:   /s/Jeffrey S. Fowler
                                                                     One of Its Attorneys

Jeffrey S. Fowler (6205689)
Laner Muchin, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60654
(312) 467-9800
(312) 467-9479 (fax)

# **CERTIFICATE OF SERVICE**

      I, Jeffrey S. Fowler, an attorney, hereby certify that on April 8, 2020, I caused to be served a copy of the foregoing **Motion** in the above-captioned matter to be filed with the Clerk of the District Court and served on the parties of record, including those listed below, by operation of the Court's CM/ECF electronic filing system, addressed to:

      Gianna Scatchell
      Law Offices of Gianna Scatchell
      360 West Hubbard, #1404
      Chicago, Illinois 60654

      Cass T. Casper
      Talon Law, LLC
      105 West Madison Street, Suite 1350
      Chicago, Illinois 60602

      /s/Jeffrey S. Fowler
      Jeffrey S. Fowler