IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JOHN SCATCHELL,<br><br>        Plaintiff,<br><br>v.<br><br>VILLAGE OF MELROSE PARH, *et al.*,<br><br>        Defendants. | Case Number 2018-cv-03989<br><br>The Honorable John F. Kness<br><br>Magistrate Judge Michael Mason |

## JOINT FRCP 26(f) REPORT

NOW COME, the Parties, jointly, through their respective counsels, and pursuant to this Court's April 9, 2020 Order (Dkt. 49), state as follows:

### I.    Nature of the Case

  A.  COUNSELS OF RECORD

**For the Plaintiff:**

Gianna Scatchell, Esq. (Lead Pre-Trial)
Law Offices of Gianna Scatchell
360 West Hubbard, #1404
Chicago, Illinois 60654

Cass T. Casper, Esq. (Lead Trial)
TALON LAW, LLC
105 West Madison Street, Suite 1350
Chicago, Illinois 60602

**For Defendant Village of Melrose Park, Illinois:**

Jeffrey S. Fowler, Esq.
Laner Muchin, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60654

**For Defendant Ronald Serpico:**

K. Austin Zimmer, Esq.
Del Galdo Law Group, LLC
1441 South Harlem Avenue
Berwyn, Illinois 60402

**For Defendants Steven Rogowski, Michael Castellan, and Sam Pitassi:**

Michael Bersani, Esq.
Hervas, Condon & Bersani, P.C.
333 Pierce Road, Suite 195
Itasca, Illinois 60143

B.  BASIS FOR FEDERAL JURISDICTION

This Court has federal question jurisdiction pursuant to at least 28 U.S.C. § 1331, § 1343, and 42 U.S.C. § 1983.

C.  OVERVIEW OF THE CASE

Plaintiff is a former (retired) lieutenant with the Melrose Park Police Department. Shortly before his retirement, he was listed on the Agenda for a Village Board Meeting for consideration for promotion to Deputy Chief, but the position was thereafter awarded to another Lieutenant. His son, John Scatchell, Jr., was also investigated and terminated from his police officer position at VMP Police Department. Months later, Plaintiff was reassigned to a Station Supervisor position, and he held that position until he retired. In this action Plaintiff alleges that as President of the FOP he supported a grievance brought by an African American officer and that the foregoing adverse actions, in addition to the other adverse actions alleged in the Complaint, were taken against him because he supported the grievance.

Defendants submit that Plaintiff did not engage in any protected speech or conduct, did not sustain any adverse employment or retaliatory actions, voluntarily retired from the police department at the rank of lieutenant, and did not sustain any injuries or damages.

D.  CLAIMS AND AFFIRMATIVE DEFENSES

Plaintiff has alleged claims pursuant to 42 U.S.C. §1983 for deprivations of First Amendment rights against all Defendants (Count 1); violations of 42 U.S.C. §1981 against all Defendants (Count 2); First Amendment-based Monell Claim against the Village of Melrose Park, Illinois (Count 3); and, 42 U.S.C. §1983 Conspiracy to deprive of First Amendment rights against all Individual Defendants (Count 4).Defendants have answered the complaint and denied any and all allegations of wrongdoing and damages, and have asserted affirmative defenses based on qualified immunity and set off of damages for post-employment earned income.

E.  PRINCIPAL FACTUAL ISSUES

Whether Plaintiff engaged in protected speech or conduct?

Whether the individual Defendants had knowledge of Plaintiff's alleged protected speech or conduct?

Whether the individual Defendants withdrew Plaintiff from consideration for Deputy Chief because of Plaintiff's alleged protected speech or conduct?

Whether the individual Defendants reassigned Plaintiff to Station Supervisor because of his alleged protected speech or conduct?

Whether the individual Defendants pursued disciplinary action against Plaintiff's son because of his allegedly protected conduct?Whether Plaintiff's son was investigated for misconduct and thereafter discharged because of Plaintiff's alleged protected conduct?

Whether the investigation into Plaintiff's son for misconduct and the disciplinary action and discharge are relevant to Plaintiff's claims?

Whether the Village of Melrose Park maintained a policy, practice or custom of retaliating against employees for engaging in protected speech, and if so, whether Plaintiff was retaliated against pursuant to any such policy, practice or custom?

F. PRINCIPAL LEGAL ISSUES

Whether removing Plaintiff from consideration for Deputy Chief violated his rights under the First Amendment?

Whether reassigning Plaintiff to the Station Supervisor position violated Plaintiff's rights under the First Amendment?

Whether investigating and terminating Plaintiff's son violated Plaintiff's statutory and constitutional rights?

Whether Plaintiff was retaliated against under Title VII for protected conduct?

G. RELIEF PLAINTIFF IS SEEKING

Plaintiff seeks all available relief, including equitable remedies, compensatory and special damages, and punitive damages against the Individual Defendants, as well as court and litigation costs and reasonable attorneys' fees pursuant to at least 42 U.S.C. § 1988. Defendants deny Plaintiff is entitled to any relief.

H. STATUS ON SERVICE

All parties have been properly-served and the Court has personal jurisdiction over all parties.

**II.    MIDP**

Discussion omitted pursuant to the Court's April 9, 2020 Order (Dkt. #49)

**III.   Discovery and Pending Motions**

A. PROPOSED DISCOVERY SCHEDULE

| Event | Deadline |
|---|---|
| Rule 26 Initial Disclosures | Completed but subject to additional and ongoing disclosures |

| | |
|---|---|
| Amendment to the pleadings | Plaintiff proposes 60 days post pandemic restrictions. Defendants propose that a reasonable time to amend pleadings has already elapsed. |
| Service of process on any "John Does" | N/A |
| Completion of Fact Discovery | Plaintiff proposes 90 days post pandemic restrictions; Defendants propose 60 days post pandemic restrictions. |
| Disclosure of Plaintiff's Expert Reports | Plaintiff proposes 60 days post pandemic restrictions; Defendants propose 30 days from fact discovery deadline. |
| Deposition of Plaintiff's Expert | Plaintiff proposes 90 days post pandemic restrictions; Defendants propose that Plaintiff present Plaintiff's experts for deposition within 30 days after disclosure. |
| Disclosure of Defendants' Expert Reports | Plaintiff proposes 120 days post pandemic restrictions; Defendants propose that Defendants will disclose defense experts within 30 days after last Plaintiff's expert's deposition. |
| Deposition of Defendants' Expert | Plaintiff proposes 150 days post pandemic restrictions; Defendants propose presenting defense expert within 30 days of disclosure. |
| Dispositive Motions | Plaintiff proposes 90 days after the close of fact discovery; Defendants propose 60 days after fact discovery deadline. |

B. NUMBER OF DEPOSITIONS

Plaintiff has taken seven depositions to date, and had scheduled another set for April 21, 2020 (which were postponed pursuant to the Court's General Orders) and plans to take up to five more (leave will be sought if more than 10 are taken). Defendants have taken six depositions to date, have two additional that were noticed and postponed, and anticipate that there may be 2-3 others thereafter.

C. DO THE PARTIES FORESEE ANY SPECIAL ISSUES DURING DISCOVERY?

There is currently an issue regarding Plaintiff's Notice of 30(b)(6) Deposition, which is being briefed pursuant to the Court's April 9, 2020 Order.

D. FRCP 26(f)(3) DISCOVERY PLAN

(A) *what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made*;

The Parties do not propose any changes to the timing, form or requirement for disclosures.

>  (B) *the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues*;

Plaintiff's employment with the Melrose Park Police Department; his alleged protected speech; potential promotion to Deputy Chief and the reasons for not receiving such a promotion; his reassignment to Station Supervisor; disciplinary action relating to Plaintiff's son; disciplinary action toward individuals who are/were similarly situated to Plaintiff and his son; any policy, practice or custom at the Village or its Police Department to retaliate against employees for protected speech; and Plaintiff's alleged damages.

>  (C) *any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;*

The Parties are not aware of any ESI issues relating to this matter.

>  (D) *any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under* Federal Rule of Evidence 502;

The Parties are not presently aware of any issues about claims of privilege or protection of materials.

>  (E) *what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;*

The Parties do not presently suggest changes to the limitations on discovery, but as noted above, Plaintiff may seek additional depositions.

>  (F) *any other orders that the court should issue under* Rule 26(c) *or under* Rule 16(b) *and* (c).

None.

### IV. Trial

A. JURY DEMAND -- Plaintiff demands a trial by jury.

B. ESTIMATED LENGTH OF TRIAL -- The parties estimate that trial will take 10 days.

### V. Settlement, Referrals, and Consent

A. SETTLEMENT DISCUSSIONS AND STATUS

Plaintiff has made a settlement demand that was not responded to by Defendants.

B.  REQUEST FOR SETTLEMENT CONFERENCE AT THIS TIME?

The parties do not request a settlement conference at this time.

C.  POSSIBILITY OF PROCEEDING BEFORE A MAGISTRATE AND UNANIMOUS CONSENT TO MAGISTRATE JURISDICTION

The Parties have advised their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes but do not unanimously consent to proceed before the Magistrate Judge.

## VI.  Other

A.  ADDITIONAL INFORMATION FROM PLAINTIF

Plaintiff states nothing additional at this time.

B.  ADDITIONAL INFORMATION FROM DEFENDANTS

Defendants plan to file a Motion for Summary Judgment upon the completion of fact discovery.

Dated: April 30, 2020

Respectfully submitted,

| | |
|---|---|
| /s/ Cass T. Casper | /s/ Jeffrey S. Fowler |
| /s/ Gianna Scatchell | K. Austin Zimmer |
| | Michael Bersani |

**For Plaintiff:**

Gianna Scatchell, Esq. (Lead Pre-Trial)
Law Offices of Gianna Scatchell
360 West Hubbard, #1404
Chicago, Illinois 60654

Cass T. Casper, Esq. (Lead Trial)
TALON LAW, LLC
105 West Madison Street, Suite 1350
Chicago, Illinois 60602

**For Defendant Village of Melrose Park, Illinois**

Jeffrey Fowler (6205689)
Laner Muchin, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60654

**For Defendant Ronald Serpico:**

K. Austin Zimmer, Esq.
Del Galdo Law Group, LLC
1441 South Harlem Avenue
Berwyn, Illinois 60402

**For Defendants Steven Rogowski, Michael Castellan, and Sam Pitassi:**

Michael Bersani, Esq.
Hervas, Condon & Bersani, P.C.
333 Pierce Road, Suite 195
Itasca, Illinois 60143

## CERTIFICATE OF SERVICE

I, Jeffrey S. Fowler, an attorney, hereby certify that on April 30, 2020, I caused to be served a copy of the foregoing Joint Status Report in the above-captioned matter to be filed with the Clerk of the District Court and served on the parties of record, including those listed below, by operation of the Court's CM/ECF electronic filing system, addressed to:

> Gianna Scatchell
> Law Offices of Gianna Scatchell
> 360 West Hubbard, #1404
> Chicago, Illinois 60654
>
> Cass T. Casper
> Talon Law, LLC
> 105 West Madison Street, Suite 1350
> Chicago, Illinois 60602
>
> K. Austin Zimmer, Esq.
> Del Galdo Law Group, LLC
> 1441 South Harlem Avenue
> Berwyn, Illinois 60402
>
> Michael Bersani, Esq.
> Hervas, Condon & Bersani, P.C.
> 333 Pierce Road, Suite 195
> Itasca, Illinois 60143

/s/Jeffrey S. Fowler
Jeffrey S. Fowler