# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| John Scatchell, Sr., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 2018-CV-03989 |
| | ) | |
| v. | ) | Judge John F. Kness |
| | ) | |
| Village of Melrose Park, an Illinois Municipal Corporation; Ronald M. Serpico; Sam C. Pitassi; Michael Castellan; and Steven Rogowski, | ) ) ) ) ) | Magistrate Judge Jeffrey Cummings |
| Defendants. | ) | Jury Trial Demanded |

## MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

NOW COMES, Plaintiff, by and through his undersigned counsels, Gianna Scatchell, Esq., Law Offices of Gianna Scatchell, and Cass T. Casper, Esq., TALON LAW, LLC, and moves this Honorable Court for leave to file the accompanying First Amended Complaint for the reasons that follow.

1. Plaintiffs inquired of Counsel for the Defendants if they object to this Motion, and confirmed on May 26, 2020 that the Defendants request until next week, June 15, 2020, to determine if there is any objection. Plaintiff's counsel will contact the Court next week regarding any objections.

2. "Amendments pursuant to Rule 15(c) should be freely allowed in order to effectuate the general policy of favoring trial of cases on the merits." *Hill v. Shelander*, 924 F.2d 1370, 1376 (7th Cir. 1991). The Seventh Circuit "recognized that the 'complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops,

as long as amendments do not unfairly surprise or prejudice the defendant.'" *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989).

3. The instant First Amended Complaint ("FAC") adds factual allegations that have come to light during the discovery process, as well as fixes certain technical issues with the existing complaint.

4. As for the technical issues, for example, 42 U.S.C. § 1981 claims against public entities need be raised via 42 U.S.C. § 1983, which issue is fixed in the proposed FAC. *See FAC*, ¶¶148-157; *see Campbell v. Forest Preserve Dist. of Cook County, Ill.*, 752 F.3d 665, 667 (7th Cir. 2014) (holding that public sector entities may be liable for 42 U.S.C. § 1981 violations via 42 U.S.C. § 1983). Allowing this amendment merely fixes the statement of the law in the particular count, without altering any of the substance of the count in a way that would surprise or prejudice Defendants.

5. The proposed FAC also adds a Title VII count. *See FAC,* ¶¶172-177. Such Count was attempted to be included in the prior motion for leave to amend, which motion was denied due to an additional Plaintiff being added, not because of the substance of the Title VII count. *See Dkt. 29*, Supp. 1, pp. 31-33; *Dkt.* 35 (order denying Motion for Leave to Amend on other grounds). This Count "relates back" to the filing of the original complaint in this case pursuant to Federal Rule of Civil Procedure 15(c)(1)(B) in that it asserts a discrimination/retaliation claim arising out of the same conduct, transaction, and occurrences set out in the original complaint. *See Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001) (amended complaints should be deemed timely if a sufficient factual nexus exists between the original and amended complaints such that the original pleadings give fair notice of the factual situations from which the amended pleadings arise). "If new counts have the same factual basis as the original count, then the

amendments arise 'out of the same transaction' as the original pleading and thus relate back under Rule 15(c)." *Carmell v. Carmell*, 424 B.R. 401, 413-414 (N.D. Ill. 2010). Here, the factual allegations cited in the Title VII count in the proposed FAC are the same as those cited in the other counts, *to wit*, that Scatchell supported Lavalais' and suffered retaliation for it by the Village and other Defendants. Accordingly, this Count relates back to the filing of the original Complaint, and should come as no surprise to Defendants.

6. The other changes to the proposed amended complaint come from the discovery process, depositions taken, and documents exchanged. These changes are too numerous to list in this motion, but, in general, consist in "beefing out" the Complaint in a way that provides more factual material in the general sections and in each count in light of the discovery process.

## **CONCLUSION**

WHEREFORE, Plaintiff requests that this Court grant leave to file the accompanying First Amended Complaint.

Respectfully submitted,

*/s/ Cass T. Casper*
By:_____
*One of Plaintiffs' Attorneys*

*Cass T. Casper, Esq.*
TALON LAW, LLC
105 West Madison Street, Suite 1350
Chicago, Illinois 60602
P: (312) 351-2478
E: ctc@talonlaw.com

*Gianna R. Scatchell, Esq.*
LAW OFFICES OF GIANNA SCATCHELL
360 W. Hubbard Street, 1404
Chicago, Illinois 60654
P: (312) 248-3303
E: gia@lawfirm.gs

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he served a copy of the foregoing document on counsels for Defendants via this Court's CM/ECF system on June 12, 2020, and that such counsels are registered e-filers.

*/s/ Cass T. Casper*

_____