# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| John Scatchell, Sr., | ) | |
| Plaintiffs, | ) | Case No.: 2018-CV-03989 |
| v. | ) | Judge John F. Kness |
| Village of Melrose Park, an Illinois Municipal Corporation; Ronald M. Serpico; Sam C. Pitassi; Michael Castellan; and Steven Rogowski, | ) ) ) ) | Magistrate Judge Jeffrey Cummings |
| Defendants. | ) | Jury Trial Demanded |

## OPPOSED PLAINTIFF'S MOTION FOR LEAVE TO EXTEND THE DISCOVERY CUTOFF

NOW COMES, Plaintiff, John Scatchell, Sr., by and through his undersigned counsels, Cass T. Casper, Esq. and Gianna Scatchell, Esq., and moves this Honorable Court to extend the discovery cutoff from August 14, 2020 up to and including September 30, 2020 in order to resolve several outstanding discovery issues now articulated as follows:

1. Discovery is set to close in this matter on August 14, 2020 per the Court's last scheduling order (Dkt. 57).

2. Since that date, the parties have completed certain depositions, including that of Peter Caira on August 3, 2020, Dennis Natale on August 4, 2020, John A. Scatchell on August 5, 2020, and a portion of the Rule 30(b)(6) deposition of the Village of Melrose Park, Illinois on August 12, 2020.

3. The Rule 30(b)(6) deposition was continued due to an issue that arose with as attorney-client privilege assertion as to Topic 10 of the Deposition Notice, *to wit*, that the Village's first designee Christine Piemonte tendered a document at the deposition containing certain

information that the individual defendants stated was privileged that was not previously tendered to the Plaintiff.

4. The parties could not resolve the issue of whether or not the privilege applied at the deposition and it was continued by agreement so the parties could look into the issue and attempt to resolve it.

5. In addition, there is still a pending motion to quash two of the Rule 30(b)(6) deposition topics (topics 2 and 3). *See Dkt. 69, 72, 73*.

6. Beyond the Rule 30(b)(6) issues, there are still outstanding Rule 34 Requests that were sent on July 2, 2020 to each of the individual defendants and that to date have not been answered.

7. There are also outstanding subpoenas for Defendant Serpico's phone records to AT&T that Defendant Serpico's attorney stated that he would look into producing and a subpoena sent to Facebook that is currently being pursued relative to a July 15, 2020 a public Facbook post relating to John Scatchell and potentially VMP employees.

8. Beyond the foregoing issues, there are still a number of outstanding discovery responses due or requested from Defendants that are the subject of ongoing discussions between the parties pursuant to Rule 37 discussions that in summary are:

   a. Outstanding personnel files of persons deposed or who are relevant to the case under the standards for comparators in Title VII and civil rights 1983 cases, *e.g. Humphries v. CBOCS*, 474 F.3d 387, 402-407 (7th Cir. 2007), including: Giovanni Castellan, Nello Barone, Dino DiMaio, Steven Rogowski, Sam Pitassi, Sam Pitassi Jr., Raul Rodriguez and Dennis Natale;

   b. Documents over which Defendants have claimed privilege over but that do not have a privilege log produced by Defendants as required by Federal Rule of Civil Procedure 26;

c. Red light program / ticket policies;

d. Privilege logs relating to any internal investigations of Plaintiff;

e. Legal billing invoice and time sheets for Laner Muchin, Del Galdo Law Group, Hervas Condon and Bersani that Defendants claim are duplicative requests, but they are not because some were not produced and others had pages missing and they evidence Defendants' knowledge of Plaintiff's opposition and protected activities;

f. Rule 34 Requests submitted to Defendant Village on August 12, 2020 containing items needed in response to Christine Piemonte's deposition testimony on such date that pertain to potential damages and insurance coverage for the claims raised in this suit, as well as that may demonstrate Defendants' knowledge of oppositional and/or protected activity;

g. Text messages or picture text messages from the Defendants' Village-issued or paid for cell phones, iClouds, or Verizon Clouds that Defendants claim do not exist and records evidencing what was done to ensure compliance with preservation obligations;

h. Videos from the Village security system that are claimed not to exist for certain dates in October and November 2017 that would demonstrate who authored an anonymous letter relevant in this case.

9. Plaintiff reports that discovery is largely completed in this matter, but the foregoing loose ends still require completion in order for a full record to be produced in this matter, and Plaintiff submits that an extension of the discovery cutoff to September 30, 2020 will enable them to complete the outstanding discovery issues in conjunction with defense counsel.

10. Plaintiff requests that the discovery cutoff be extended to September 30, 2020.

**<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant this Motion and extend the discovery cutoff until September 30, 2020, and order such other relief as this Court deems just and proper.

Respectfully submitted,

LAW OFFICES OF GIANNA SCATCHELL

By: <u>/s/ Gianna R. Scatchell</u>

Gianna R. Scatchell

Gianna R. Scatchell ARDC No. 6300771
LAW OFFICES OF GIANNA SCATCHELL
Attorney for Plaintiffs
360 W. Hubbard Street, 1404
Chicago, Illinois 60654
(312) 248-3303
gia@lawfirm.gs

Respectfully submitted,

By: <u>/s/ Cass T. Casper</u>

Cass T. Casper

Cass T. Casper, ARDC No. 6303022
TALON LAW, LLC
Attorney for Plaintiffs
105 West Madison Street, Suite 1350
Chicago, Illinois 60602
(312) 351-2478
ctc@talonlaw.com

**CERTIFICATE OF SERVICE**

The undersigned attorney, Cass T. Casper, hereby certifies that he served the foregoing document on all counsel of record via this Court's CM/ECF filing system on August 14, 2020, and that all such counsels are registered e-filers.

*/s/ Cass T. Casper*
_____