UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN SCATCHELL, ) | |
| ) | |
| Plaintiff, ) | Case No. 18-cv-3989 |
| ) | |
| v. ) | Honorable John F. Kness |
| ) | |
| VILLAGE OF MELROSE PARK, RONALD M. ) | Honorable Jeffrey Cummings |
| SERPICO, SAM C. PITASSI, MICHAEL ) | |
| CASTELLAN, and STEVE ROGOWSKI, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO FILE A SECOND AMENDED COMPLAINT**

Each of the Defendants object to Plaintiff's Motion for Leave to File the proposed Second Amended Complaint because the proposed new Count VII is duplicative of his existing retaliation claim in Count V the First Amended Complaint as well as being duplicative of Count V of the Proposed Second Amended Complaint. Moreover, the "new" facts are not new at all, and have been known to Plaintiff for at least the last twenty months. Accordingly, the proposed amendment is futile and the Motion should be denied.

1. This is an action brought by John J. Scatchell (also called "Scatchell Sr." or "Senior") in June 2018 relating to his employment with the Village of Melrose Park.

2. Plaintiff's original Complaint [Dkt #1] contained the same retaliation claim Plaintiff seeks to add as Count VII in the Proposed Second Amended Complaint. In particular, Plaintiff's original complaint expressly alleged "Retaliation Resulting from the EEOC Complaint" and that Plaintiff filed his EEOC Complaint on September 15, 2017. [Dkt. #1 p.10, ¶76] Plaintiff's original Complaint went on to elaborate on the events that he considered to be

retaliatory, including allegations claiming that Defendants targeted Plaintiff's son, beginning on November 13, 2017. [Dkt. #1 ¶¶77-88]

3. On July 16, 2020, Plaintiff filed a First Amended Complaint [Dkt #71], which consisted of 183 paragraphs. As had the original Complaint, Plaintiff's First Amended Complaint expressly raised a retaliation claim relating to filing his EEOC Charge. [Dkt. #71 p. 15] Plaintiff again expressly alleged that "Defendants Retaliate against Scatchell, Sr. for Filing his EEOC Charge." *Id*. He alleged that he filed the Charge on September 15, 2017, and that Defendants "received Scatchell, Sr.'s EEOC Charge" on or about October 25, 2017. [Id. ¶¶84-85] He then alleged that "within days of Defendants learning about the EEOC complaint, Defendants retaliated against" Plaintiff, and he then enumerated a number of events he claims were retaliatory. [*Id*. at ¶¶86-106] In fact, Plaintiff's First Amended Complaint specifically captioned some of his allegations: "Defendants' Pre-textual Investigation of Scatchell, Sr.'s Son as Retaliation" [Dkt. #71 p. 17], "Defendants' 219 Hour Witch Hunt Against Scatchell, Sr.'s Son" [*id*. at p.18] and "Defendants Terminate Scatchell, Sr.'s Son as Retaliation for Scatchell, Sr.'s [sic]" [*id*. at p.19]. Based on those allegations, Count V of Plaintiff's First Amended Complaint expressly brought a claim against the Village alleging "Title VII Violation, 42 U.S.C. §2000e(3)(a) Based on Retaliation." [*Id*. p.40]

4. Based on those allegations, not surprisingly, discovery in this case has specifically addressed Plaintiff's EEOC Charge. Indeed, Plaintiff's own Initial Disclosures were submitted in January 2019, and his document production began with the EEOC's file, including the EEOC's Activity Log which showed that "Respondent logged in" to the EEOC's portal on October 23, 2017, the EEOC sent a new password to the Del Galdo Law Group on October 24, 2017, that the Village's attorneys filed their appearance on October 24, 2017, and Respondent

"viewed Charge of Discrimination" on that same date. (The EEOC's Activity Log, as produced by Plaintiff, is attached as Exhibit A) Indeed, Plaintiff has known from early in this case that the attorneys in the Del Galdo Law Group represented the Village regarding Plaintiff's EEOC Charge, including Cynthia Grandfield, an attorney from the Del Galdo Law Group. Ex. A. p.1; Ex B)

5. Plaintiff's Motion claims that Plaintiff only learned of the Del Galdo Law Group's involvement regarding Plaintiff's EEOC Charge on August 12, 2020, during a 30(b)(6) deposition, but as shown above, that statement is simply not true. Plaintiff had documents containing that information since virtually the beginning of this case.

6. Plaintiff's Motion claims that Plaintiff's proposed Second Amended Complaint asserts that he is now "introducing" this theory of retaliation, but as shown above and by comparing paragraphs 84-106 of the First Amended Complaint [Dkt #71 pp. 15-21] with paragraphs 84-106 of the proposed Second Amended Complaint [Dkt #74-1 pp. 15-21], these are not new allegations. Moreover, comparing Count V of the First Amended Complaint [Dkt # 71 pp.40-41] and Count V of the proposed Second Amended Complaint [Dkt #74-1 pp. 40-41] with Count VII of the Proposed Second Amended Complaint [*id*. pp. 42-44], shows that Count VII is not a new claim, it is not even a different claim, it is nothing more than an elaboration of the currently pending claim in Count V.

7. Ordinarily, one might ask what's the big deal about repackaging an existing claim into two separate Counts? Here, because of the incredible volume of Plaintiff's Complaints, preparing and filing responsive pleadings is a very time-consuming and expensive task. Obviously, the cost of the work is necessary when there really are new claims, or where a plaintiff is correcting deficiencies in the pleadings. However, amending the pleading simply to

3

repackage existing claims and existing allegations does not justify the time and cost of having three separate Defense Firms prepare and file responsive pleadings, especially of this volume.

8. FRCP "Rule 15(a) provides that, other than one amendment as a matter of course within certain limited time frames, a plaintiff may file an amended complaint 'only with the opposing party's written consent or the court's leave.' Although 'court[s] should freely give leave [to amend] when justice so requires,' they are not a rubber stamp, for 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment' can justify denying leave to amend." *Scott v. Ill. Bell Tel. Co.*, 169 F. Supp. 2d 845, 852 (N.D. Ill. 2016) (citations omitted).

9. Futility includes where the proposed new claims are duplicative of existing claims. *E.g. Belton v. Dart*, 2012 U.S. Dist. LEXIS 167539 (N.D. Ill. Nov. 21, 2012) ("the Court determines that Plaintiff's proposed amended complaint is unnecessary and duplicative of his original complaint. Accordingly, the Clerk is directed to strike the proposed amended complaint from the docket. Plaintiff may proceed on his original complaint); *Johnson v. Jewell Food Stores, Inc.*, No. 98 C 4440, U.S. Dist. LEXIS 11469 (N.D. Ill. June 29, 2000) (denying leave to include retaliation claim that would be duplicative of claim in current complaint).

10. Here, Plaintiff's Proposed Second Amended Complaint is futile because it is duplicative of Count V and even the allegations are duplicative of what is already contained in the operative First Amended Complaint. Accordingly, Plaintiff's Motion for Leave to File the Proposed Second Amended Complaint should be denied.

WHEREFORE, Defendants respectfully request that Plaintiff's Motion for leave to file the Proposed Second Amended Complaint be denied, and that the Court grant such further and additional relief as the Court deems just and proper.

Dated: August 31, 2020

VILLAGE OF MELROSE PARK

By: ___/s Jeffrey S. Fowler_____
One of Its Attorneys

Jeffrey S. Fowler (6205689)
Laner Muchin, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60654
(312) 467-9800
(312) 467-9479 (fax)

**Certificate of Service**

I, the undersigned attorney, hereby certify that a copy of the foregoing Response was field with the Court and served upon counsel of record on this 31st day of August, 2020, through the functions of the Court's e-filing system, to:

>Cass T. Casper
>Talon Law, LLC
>105 West Madison Street, Suite 1350
>Chicago, Illinois 60602
>etc@talonlaw.com
>
>Gianna Scatchell
>Law Offices of Gianna Scatchell
>360 West Hubbard Street, Suite 1404
>Chicago, Illinois 60654
>gia@lawfirm.gs
>
>K. Austin Zimmer
>Del Galdo Law Group, LLC
>1441 South Harlem Avenue
>Berwyn, Illinois 60402
>zimmer@dlglawgroup.com
>
>Michael Bersani
>Hervas, Condon & Bersani, P.C.
>333 W. Pierce Road, Suite 195
>Itasca, Illinois 60143-3156
>mbersani@hcbattorneys.com

>/s Jeffrey S. Fowler