**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| John Scatchell, Sr., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 2018-CV-03989 |
| | ) | |
| v. | ) | Judge John F. Kness |
| | ) | |
| Village of Melrose Park, an Illinois | ) | Magistrate Judge Jeffrey |
| Municipal Corporation; Ronald M. Serpico; | ) | Cummings |
| Sam C. Pitassi; Michael Castellan; and | ) | |
| Steven Rogowski, | ) | |
| | ) | |
| Defendants. | ) | Jury Trial Demanded |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION (DKT. 84)
TO PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT (DKT. 78)**

NOW COMES, Plaintiff, John Scatchell, Sr., by and through his attorneys, Cass T. Casper, Esq. and Gianna Scatchell, Esq., and replies as follows to Defendants' Response (Dkt. 84) In Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint ("SAC") (Dkt.78).

1. Defendants oppose Plaintiff's Motion to for Leave to file an SAC apparently solely on the ground that they claim it is duplicative of the existing Count V that is on file in the First Amended Complaint (Dkt. 71, pp.40-41).

2. Plaintiff is surprised by this position and never heard about it until the Defendants' filed their Response, and notes that it might obviate the Motion if Count V were formally *construed* to include the theory of liability in Count VII of the SAC. Such a solution would also save the Defendants any alleged burden in having to refile an answer, and would appear to be the best way to resolve the Motion, that is, for the Court to grant the Motion in part but note that for

purposes of this case Count V of the FAC is formally *construed* to include the theory of liability noted in Count VII of the proposed SAC.

3. Plaintiff notes that, while the theory was always included in Count V of the FAC, the theory never became as lucid as it did when the Rule 30(b)(6) Deposition was conducted on August 12, 2020. As a cautionary matter, Plaintiff desires to plead the theory as a separate Count in the proposed SAC so that the theory may stand alone as a crystal-clear basis for additional liability for the Court in summary judgment proceedings or to a jury later.

4. *Johnson v. Jewel Food Stores, Inc.*, 2000 WL 876093, *3 (N.D. Ill. 2000) is unhelpful because it involved an effort to amend a complaint that already clearly stated that the theory of liability was premised on retaliation for filing a gender discrimination charge. And Defendants are correct when they recognize the rule from *Scott v. Illinois Bell Telephone*, 169 F.Supp.3d 845, 851-52 (N.D. Ill. 2016), that "court[s] should freely give leave [to amend] when justice so requires."

5. As explained in his Motion, Plaintiff filed the Motion immediately after hearing the deposition testimony of the Rule 30(b)(6) representative, had not previously been aware of the specific details of the facts surrounding the proposed Count VII as relayed by the Rule 30(b)(6) representative, and has sought to include them as Count VII separate from Count V immediately.

6. Defendants also claim they will be prejudiced because of the voluminousness of Plaintiff's SAC; yet, Defendants certainly have a *word* version of their Answer, and, because almost nothing changes in the SAC other than the addition of Count VII (and notations in the SAC referring to it as the "SAC"), all they have to do is add the additional paragraphs and answer them. Their argument that it would be prejudicial to have to answer the whole complaint again because it is voluminousness is disingenuous.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant his Motion for Leave to File Second Amended Complaint for the reasons stated in his original Motion, or, alternatively, grant the Motion in part and formally construe Count V of the FAC as including the theory of liability in Count VII of the proposed SAC (Dkt. 78).

Respectfully submitted,

By: /s/ Cass T. Casper

Cass T. Casper

Cass T. Casper, ARDC No. 6303022
TALON LAW, LLC
One of the Attorneys for Plaintiff
105 West Madison Street, Suite 1350
Chicago, Illinois 60602
(312) 351-2478
ctc@talonlaw.com

## CERTIFICATE OF SERVICE

The undersigned attorney, Cass T. Casper, hereby certifies that he served the foregoing document on all counsel of record via this Court's CM/ECF filing system on September 14, 2020, and that all such counsels are registered e-filers.

*/s/ Cass T. Casper*