# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JOHN SCATCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-3989 |
| | ) | |
| v. | ) | Honorable John F. Kness |
| | ) | |
| VILLAGE OF MELROSE PARK, RONALD M. | ) | |
| SERPICO, SAM C. PITASSI, MICHAEL | ) | |
| CASTELLAN, and STEVE ROGOWSKI, | ) | |
| | ) | |
| Defendant. | ) | |

## THE VILLAGE OF MELROSE PARK'S
## MOTION FOR SUMMARY JUDGMENT

The Village of Melrose Park respectfully asks that this Court enter summary judgment in its favor and against Plaintiff on all of the Plaintiff's claims against the Village because the undisputed material facts show that there is simply no basis to maintain them. In further support of its Motion, the Village states as follows:

1.      This is an action by a now-retired police lieutenant alleging various retaliation claims against the Village and against the Village's Mayor and three police officials.

2.      In short, Plaintiff claims that he supported the claims of another officer, and was thereafter punished for doing so by a variety of actions, including not being promoted to Deputy Chief, reassignment to Station Supervisor, an office assignment Plaintiff disparages, and a variety of other claims.

3.      In his First Amended Complaint, Plaintiff seeks to maintain six Counts:

| | |
|---|---|
| Count I | §1983 First Amendment (v. all Defendants) |
| Count II | §1983 Retaliation "Under §1981" (v. all Defendants) |
| Count III | "*Monell* Claim" (v. the Village) |
| Count IV | § 1983 Conspiracy/First Amendment (v. the Individual Defendants) |
| Count V | Title VII Retaliation Claim (v. the Village) |
| Count VI | Indemnification (v. the Village) |

4.     "Despite throwing spaghetti at the wall, none of it sticks." *Outley v. City of Chicago*, 354 F. Supp. 3d 847, 866 (N.D. Ill. 2019). That is exactly what Plaintiff has done here, dredge up every conceivable dirt he can think of, hoping that something "sticks", but it does not.

5.     Plaintiff cannot maintain his §1983 *First Amendment* claim in Count I because he did not engage in protected speech; because even if he did, there is no causal connection to any of the actions that Plaintiff complains about; and because even if there was some connection, which there is not, Plaintiff cannot present evidence that the reasons for those actions were pretexts for retaliation.

*6.*     Plaintiff's §1981 claim in Count II cannot be maintained as a separate cause of action in addition to his §1983 claim. While "§1981 encompasses claims of retaliation," *Federal Election Comm'n*, 553 U.S. 442, 457 (2008), "§1981 does not create a private right of action against state actors." *Campbell v. Forest Preserve Dist.*, 752 F.3d 665 (7th Cir. 2014). Instead, §1981 claims must be brought through §1983. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735-36 (1989). Because the claim in Count II can only be pursued through §1983, it is therefore duplicative of the §1983 claim in Count I, and Count II should be dismissed on that basis alone.

7.     The Village is also entitled to summary judgment on Count II because "[t]here is no claim under §1981 against a municipality. Instead, a plaintiff must 'assert a cause of action against state actors under §1983 to remedy violations of the civil rights secured by §1981." *Outley*, 354 F. Supp. 3d at n.23 (citations omitted).  Accordingly, Plaintiff cannot maintain Count II against the Village.

8.     But, even if Plaintiff could assert a §1981/§1983 claim against the Village, the claim still fails for the same reasons as his §1983 and Title VII claims fail. *Outley*, 354 F. Supp. 3d at 871 ("because Outley's Title VII claims have been dismissed, the court also grants

summary judgment on Outley's §1981 claims"). Therefore, the Village is entitled to summary judgment on Plaintiff's §1981 claim in Count II.

9.    Plaintiff's *Monell* claim in Count III fails because Plaintiff cannot present evidence of a policy, practice or custom of retaliation, nor that a final decisionmaker acted in any manner that violated Plaintiff's Constitutional rights.

10.    Count IV seeks to maintain a Civil Conspiracy claim under §1983 against the Individual Defendants, but attributable to the Village through the indemnification claim in Count VI.  In order to maintain a §1983 conspiracy claim, "a plaintiff must demonstrate that: (1) a state official <u>and a private individual</u>(s) reached an understanding to deprive the plaintiff of his constitutional rights, and (2) those individual(s) were willful participant[s] in joint activity with the State or its agents." *Turner v. City of Chicago*, 2019 U.S. Dist. LEXIS 179524 *18-19 (N.D. Ill. Dec. 23, 2013) (emphasis added).

11.    Plaintiff's "civil conspiracy" claim in Count IV fails for two reasons. First, the claim fails because of the intra-corporate conspiracy doctrine:

> In order to state a conspiracy claim under § 1983 plaintiff must allege: (1) an agreement between two or more people; (2) to participate in an unlawful act; (3) causing an injury by reason of the commission of an overt act; (4) which overt act was done pursuant to and in furtherance of the common scheme. As previously held by this court, under the intra-corporate conspiracy doctrine an agreement among two or more employees of a single corporation who simply meet in the regular course of their jobs is not considered a conspiracy. The employees are presumed to be one person, because each is functioning as a representative of the same entity. *David v. Vge of Oak Lawn*, Slip Op. No. 95C7368, 1996 U.S. Dist. LEXIS 5624 *11 (N.D. Ill. Apr. 21, 1996) (citations omitted).

*See also Turner, supra* (conspiracy claim requires showing "a state official and a private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights"). Here all of the alleged conspirators are Village officials, allegedly acting within the scope and course

of their authority for the Village. Accordingly, there can be no conspiracy claim here and Count IV should be dismissed on that basis alone.

12.     In addition, allowing a §1983-based conspiracy claim with the Village as an indemnor of all of the alleged actors would simply be a back door effort to avoid the fact that the Village cannot be held responsible for the actions of those officials directly. *E.g. Monell*, 436 U.S. at 691 (no respondeat superior liability); *Hosty v. Carter*, 412 F.3d 731, 733 (7th Cir. 2005) ("[Section] 1983 does not create vicarious liability"); *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008) (Plaintiff's theory "relies on principles of respondeat superior and vicarious liability, but neither one applies to claims based on §1983"). Accordingly, the Village is entitled to summary judgment on Count IV.

13.     The Village is entitled to summary judgment on Plaintiff's Title VII retaliation claims for the same reasons as his *First Amendment* retaliation claims, there were no adverse employment actions, no causal connections and Plaintiff cannot show that the stated reasons for the actions he complains about were pretexts for retaliation.

14.     Finally, in Count VI of the Amended Complaint, Plaintiff seeks liability against the Village for the acts of the Individual Defendants on an indemnification theory. For all of the reasons discussed above as well as those addressed by the Individual Defendants in their respective Motions for Summary Judgment, since the Individual Defendants are not liable to Plaintiff, the Village is likewise entitled to summary judgment on the indemnification claim. *See, e.g., Mercer v. Cook Cty.*, Slip Op. No. 15C7262, 2017 U.S. Dist. LEXIS 142191 *11 (N.D. Ill. Aug. 31, 2017).

15.     In further support of its Motion, the Village herewith submits the Defendants' Joint Local Rule 56.1 Statement of Undisputed Material Facts and supporting evidentiary

materials, and the Village's Memorandum of Law in Support of its Motion for Summary Judgment.

16.     This Motion is opposed and the Parties propose the following briefing schedule for it, and for the Motions for Summary Judgment being filed contemporaneously by the Individual Defendants:

      a.     Plaintiff's Responses Due:  February 3, 2021

      b.     Defendants' Replies Due:  March 5, 2021

WHEREFORE, Defendant, the Village of Melrose Park, respectfully asks that this Court enter summary judgment in its favor and against Plaintiff on all of the Plaintiff's claims against the Village, and that the Court grant such further and additional relief as the Court deems just and proper.

Dated: January 4, 2021                VILLAGE OF MELROSE PARK

                      By:      /s Jeffrey S. Fowler
                              One of Its Attorneys

Jeffrey S. Fowler (6205689)
Laner Muchin, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60654
(312) 467-9800
(312) 467-9479 (fax)

**<u>Certificate of Service</u>**

I, the undersigned attorney, hereby certify that a copy of the foregoing Motion was served upon counsel of record on this 4th day of January, 2021, through the functions of the Court's e-filing system, to:

> Gianna Scatchell
> Disparti Law Group
> 121 West Wacker Drive, Suite 2300
> Chicago, Illinois 60601
> gia@Dispartilaw.com
>
> Cass T. Casper, Esq.
> Disparti Law Group, PA
> 121 West Wacker Drive, Suite 2300
> Chicago, Illinois 60601
> ccasper@Dispartilaw.com
>
> K. Austin Zimmer
> Del Galdo Law Group, LLC
> 1441 South Harlem Avenue
> Berwyn, Illinois 60402
> Zimmer@dlglawgroup.com
>
> Michael Bersani
> Hervas, Condon & Bersani, P.C.
> 333 W. Pierce Road, Suite 195
> Itasca, Illinois 60143-3156
> mbersani@hcbattorneys.com

/s Jeffrey S. Fowler