# AFFIDAVIT OF
# MICHAEL CASTELLAN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN SCATCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-3989 |
| | ) | |
| vs. | ) | |
| | ) | Honorable John Kness |
| VILLAGE OF MELROSE PARK, | ) | |
| RONALD M SERPICO, SAM C. PITASSI, | ) | |
| MICHAEL CASTELLAN, and | ) | |
| STEVE ROGOWSKI | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT

I, the affiant, MICHAEL CASTELLAN, having been first duly sworn upon oath, do state and depose that I have personal knowledge of all facts which follow and, if called, I could competently testify to the following.

1. I was employed by the Village of Melrose Park Police Department from July 15, 1983 to December 15, 2019.

2. December 15th is my birthday.

3. I retired on December 15, 2019 as Deputy Chief of Police in charge of the Patrol Division.

4. I was required to retire on December 15, 2019 at the age of 62 pursuant to Village ordinance mandating that all police officers retire at the age of 62 if they have 30 years or more of service.

5. I did not attend any Fraternal Order of Police ("FOP") meetings in the Fall of 2016.

6. I have no knowledge of statements made by John Scatchell Sr. at any time, including at any FOP meetings, about the Kyll Lavalais residency order, grievances, or grievance arbitration.

7. I have no knowledge of any statements made by John Scatchell Sr., at any time, about or opposing race discrimination in the enforcement of the Village's ordinance mandating that police officers establish residency in the Village limits.

1

8.      John Scatchell has never expressed any personal viewpoint or opinion to me about or opposing race discrimination in the enforcement of the Village's ordinance mandating that police officers establish residency in the Village limits, or about the Kyll Lavalais residency order, grievance, or grievance arbitration.

9.      I did not know about Scatchell's January 5, 2017 or March 3, 2017 declaration or affidavit until I attended his deposition in 2019.

10.      I did not attend the Melrose Park Pension Board meeting on April 17, 2017.

11.      I do not recall speaking with John Scatchell about any statements he made at that meeting about the transfer of Tony Caira's pension.

12.      I received a memorandum from Lt. Scatchell and Lt. Urso about an alleged incident involving Officer Nello Barone.

13.      Officer Barone went on medical leave after the incident and never returned to work and eventually resigned from employment after receiving a non-duty disability pension.

14.      As a result, I did not conduct any internal investigation into Barone's conduct because he never returned to work.

15.      On November 13, 2017, I received an anonymous note reporting that John Scatchell, Jr. was abusing sick leave by going hunting every day. I presented the note to Director Pitassi that same day, and he directed me to have Officer Caira look into it, which I did that day.

16.      At the time I directed Officer Tony Caira to look into the note, I did not know that Plaintiff John Scatchell Sr. had filed an EEOC Charge or Amended EEOC Charge.

FURTHER AFFIANT SAYETH NOT.

_MICHAEL CASTELLAN_

SUBSCRIBED and SWORN to before

me this 21st day of December, 2020.

_____
NOTARY PUBLIC

OFFICIAL SEAL
MICHAEL D. BERSANI
Notary Public - State of Illinois
My Commission Expires 1/30/2022

2