# DECLARATION OF CHRISTINE PIEMONTE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| John Scatchell, Sr., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2018-cv-03989 |
| | ) | |
| v. | ) | Judge John F. Kness |
| | ) | |
| Village of Melrose Park, an Illinois | ) | Magistrate Judge Jeffrey |
| Municipal Corporation; Ronald M. Serpico; | ) | Cummings |
| Sam C. Pitassi; Michael Castellan; and | ) | |
| Steven Rogowski, | ) | |
| | ) | |
| Defendants. | ) | |

## **DECLARATION OF CHRISTINE PIEMONTE**

I, Christine Piemonte, state that I am over the age of eighteen years and that I have personal knowledge of the facts contained in this affidavit. If called upon to testify, I would state as follows:

1. I am employed by the Village of Melrose Park ("Village") as Director of Human Resources.

2. In January 2017, the salary for police lieutenants in the Village with Lt. Scatchell's seniority was $108,212.15, and the starting salary for police officers was $43,000.

3. John Cannici is Caucasian.

4. The Village's EEO Policy was adopted by the Village's Board of Trustees.

5. Department Heads, such as the Chief of Police/Director of Police have been given authority to implement some rules and procedures relating to the operations of their departments; however, they do not have authority to deviate from Policies enacted by the Village Board of Trustees, including its non-discrimination, non-retaliation policies and many other personnel-

1

related Policies created by the Village. Even the Mayor does not have the authority to modify or deviate from those Village policies.

6. The Police Department has an express policy on employee speech – "Nothing in this policy is intended to prohibit or infringe upon any communication, speech or express that is protected or privileged under law. This includes speech and expression protected under state or federal constitutions as well as labor or other applicable laws."

7. On or about October 26, 2017, I called Lt. Scatchell to discuss the possibility of employment for my brother because I believed that Lt. Scatchell was operating a business that might need workers, and I was trying to help my brother find a job. When I made the call I did not know that Lt. Scatchell had filed an EEOC Charge, and I did not make the call "to see if Scatchell Sr. violated the Village's secondary employment disclosure requirement" as he alleges in his Amended Complaint.

8. On or about July 6, 2018, I sent Lt. Scatchell a letter seeking the return of a list of police property because he had retired about one month before that and had not returned the property. It is normal practice for the Village to obtain Village property from employees who retire or are otherwise discharged.

FURTHER DECLARANT SAYETH NOT.

PURSUANT TO 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

*[signature]*