**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOHN SCATCHELL, ) | |
| ) | |
| Plaintiff, ) | Case No. 18-cv-3989 |
| ) | |
| vs. ) | |
| ) | Honorable Charles R. Norgle, Sr |
| VILLAGE OF MELROSE PARK, ) | |
| RONALD M SERPICO, SAM C. PITASSI, ) | Honorable Michael T. Mason |
| MICHAEL CASTELLAN, and ) | |
| STEVE ROGOWSKI ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. ) | |

**DEFENDANTS PITASSI, CASTELLAN, AND ROGOWSKI'S**
**MOTION FOR SUMMARY JUDGMENT**

NOW COMES the Defendants, SAM PITASSI, MICHAEL CASTELLAN and STEVE ROGOWSKI, by and through their attorney, MICHAEL D. BERSANI of HERVAS, CONDON & BERSANI, P.C., and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, move for summary judgment.

In support thereof, Defendants state the following unto this Honorable Court:

1. Plaintiff John Scatchell has sued his former employer, the Village of Melrose Park, and Mayor Ron Serpico, Director of Police Sam Pitassi, and Deputy Chiefs Michael Castellan and Steven Rogowski, pursuant to 42 U.S.C. §§ 1983 and 1981. He also brings a Title VII retaliation claim against the Village.

2. Counts I, II and IV of his First Amended Complaint are directed at Pitassi, Castellan, and Rogowski. Count I is brought under 42 U.S.C. § 1983 and alleges retaliation for exercising free speech and association rights under the First Amendment. Count II is brought under 42 U.S.C. § 1981 (via 42 U.S.C. § 1983) and is duplicative of the section 1983 claim. Count IV alleges a section 1983 conspiracy claim predicated on the same alleged constitutional violation.

3. Defendants Pitassi, Castellan, and Rogowski move for summary judgment as to the section 1983 First Amendment retaliation claim alleged in Count I. Scatchell alleges that he spoke out in favor of and supported a fellow officer, Kyll Lavalais, who challenged an order issued by his superiors to establish residency within the Village of Melrose Park as required by Village ordinance. Notwithstanding his allegation, however, Scatchell admitted in his deposition that he remained neutral and never expressed a viewpoint on the Lavalais matter. The record is also undisputed that he did not sustain any materially adverse employment harm or injury. Finally, he cannot meet his burden on the issue of causation. He cannot point to a single act of retaliation that was motivated by his alleged protected activity.

4. Defendants Pitassi, Castellan and Rogowski also move for summary judgment as to the section 1981 retaliation claim alleged in Count II. Section 1981 prohibits race discrimination in the making and enforcement of contracts. *O'Leary v. Accretive Health, Inc.,* 222 F.3d 289, 302-303 (7th Cir. 2000); *see, CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 452 (2008) (§1981 encompasses race-based employment retaliation claims); *Smith v. Bray,* 681 F.3d 888, 896 (7th Cir. 2012). Section 1981, however, does not create a private right of action against state actors. *Campbell v. Forest Preserve Dist. Of Cook County,* 752 F.3d 665, 671 (7th Cir. 2014). Section 1983 provides the exclusive remedy against state actors for violation of section 1981 rights. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989). Accordingly, Scatchell's section 1981 claim is redundant of his section 1983 claim and fails for the same reasons stated above.

5. Defendants are also entitled to summary judgment as to the section 1983 conspiracy claim. The conspiracy claim is barred by the intra-corporate conspiracy doctrine. *See David v. Village of Oak Lawn,* 1996 WL 210072 *4 (N.D. Ill. 1996). Even if Scatchell could survive this bar, he has not alleged a triable issue of fact as to the required elements of a conspiracy. There is

no evidence of any express agreement between the individual defendants and no evidence of any underlying constitutional deprivation.

6. Accordingly, there are no genuine issues of material fact requiring a jury trial, and Defendants therefore are entitled to judgment in their favor as a matter of law.

7. Defendants Pitassi, Castellan and Rogowski have filed a memorandum of law in support of this motion. Defendants also adopt and incorporate herein the arguments made by co-defendants' Village and Serpico as if fully set forth herein.

8. Defendants have filed a joint Rule 56.1 Statement of Undisputed Material Facts in support of their respective motions for summary judgment.

For the foregoing reasons, Defendants Sam Pitassi, Michael Castellan, and Steven Rogowski, are entitled to summary judgment in their favor.

Respectively submitted,

s/Michael D. Bersani
MICHAEL D. BERSANI, ARDC No. 06200897
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Rd., Suite 195
Itasca, Illinois 60143
333 Pierce Rd., Suite 195, Itasca, Illinois 60143
*Attorney for Pitassi, Castellan, and Rogowski*
mbersani@hcbattorneys.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOHN SCATCHELL, ) | |
| ) | |
| Plaintiff, ) | Case No. 18-cv-3989 |
| ) | |
| vs. ) | |
| ) | Honorable Charles R. Norgle, Sr |
| VILLAGE OF MELROSE PARK, ) | |
| RONALD M SERPICO, SAM C. PITASSI, ) | Honorable Michael T. Mason |
| MICHAEL CASTELLAN, and ) | |
| STEVE ROGOWSKI ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2021, I electronically filed the foregoing ***Defendants' Pitassi, Castellan and Rogowski's Motion for Summary Judgment*** with the Clerk of the District Court for the Northern District of Illinois, using the CM/ECF system, which will send notification to the following CM/ECF participants:

TO: Gianna Rochelle Scatchell, Cass Thomas Casper, Disparti Law Group, P.A., 121 West Wacker Drive, Suite 2300, Chicago, IL 60601; gia@dispartilaw.com; ccasper@dispartilaw.com

Jeffrey Fowler, Laner Muchin, Ltd., 515 N. State Street #2800, Chicago, Illinois 60654, jfowler@lanemuchin.com

K. Austin Zimmer, Cynthia Sara Grandfield, Timothy Andrew Martin Woerner, Del Gado Law Group, 141 South Harlem Avenue, Berwyn, IL 60402, zimmer@dlglawgroup.com; grandfield@dlglawgroup.com; woerner@dlglawgroup.com

**s/Michael D. Bersani**
MICHAEL D. BERSANI, ARDC No. 06200897
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Rd., Suite 195
Itasca, Illinois 60143
*Attorney for Sam C. Pitassi, Michael Castellan, and Steven Rogowski*
mbersani@hcbattorneys.com

4