UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

John Scatchell

                          Plaintiff,

v.                                                  Case No.: 1:18−cv−03989
                                                           Honorable John F. Kness

Village of Melrose Park, et al.

                          Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Wednesday, March 27, 2024:

      MINUTE entry before the Honorable John F. Kness: Before the Court are Defendants' motions [90] [93] [95] for summary judgment; the Court regrets the delay in addressing these motions. The well−known standard for assessing a summary judgment motion is as easy to state as it is difficult at times to apply. At bottom, a court can truncate a party's right to a trial only when there is no point in having a trial: that is, when the record permits a judge to make a legal, not factual, judgment whether liability has been established. In the words of the applicable rule, that state is reached when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). And in considering whether a genuine, material dispute of fact exists, a judge must view the evidence in the light most favorable to the nonmoving party. Applying that standard to the fairly dense factual record of this case, the Court finds that genuine issues of material fact remain as to all Counts alleged in the Amended Complaint [71]. In short, Plaintiff has presented triable, material evidence regarding, among other things, the allegations that he engaged in protected speech by expressing his backing of Sergeant Lavalais and that Defendants understood Plaintiff's position through his words (or, at least, through his actions in preparing for arbitration on the issue); and the allegations that Defendants, acting in concert, retaliated against him in one or more ways (including rescinding his promotion, demotion in form if not in name, setting off explosives near his home, and investigation and subsequent termination of his son) for that speech. Although Defendants offer reasonable alternative explanations for each of Plaintiff's purported instances of retaliation, and even though none of these alleged facts has been conclusively established, Plaintiff has submitted sufficient evidence to establish his right to a trial (including as to whether Defendants' proffered explanations were mere pretexts for the alleged retaliation). As to Plaintiff's *Monell* claim, that too survives summary judgment, because Plaintiff has presented sufficient evidence from which a factfinder could reasonably determine that a final policymaker engaged in the alleged retaliatory acts. For these reasons, Defendants' motions for summary judgment [90] [93] [95] are denied. An in−person status hearing is set for 4/24/2024 at 10:00 A.M. to determine next steps in the case. Lead counsel for each party are directed to appear in person at that hearing. Mailed notice. (exr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.